**Tommie L. TOLIVER, Plaintiff–Appellant,**

v.

**COUNTY OF SULLIVAN; Richard L. Green; Lloyd T. Shimer; Leon Siegal and Brian Ingber, Defendants–Appellees.**

**No. 579, Docket 91–7785.**

United States Court of Appeals, Second Circuit.

Argued Jan. 9, 1992.

Decided Feb. 13, 1992.

Tommie L. Toliver, pro se.

Vincent R. Fontana, New York City (Wilson, Elser, Moskowitz, Edelman & Dicker, of counsel), for defendants-appellees.

Before KAUFMAN *, PRATT and MINER, Circuit Judges.

---

* Pursuant to § 0.14(b) of the rules of this court, this appeal is being determined by Judges Pratt and Miner, who are in agreement as to the opinion of the court. Judge Kaufman, who was a member of this panel and who had prepared to decide the case, unfortunately died on February 1, 1992, before he had an opportunity to vote on this disposition. Because both of the remaining panel members agree and do not request the designation of a third panel member, they constitute a quorum pursuant to local rule § 0.14(b).

## PER CURIAM:

Tommie Toliver, appellant *pro se*, appeals from an order of the United States District Court for the Southern District of New York, Thomas P. Griesa, *Judge*, granting the defendants' rule 60(b) motion to reopen the judgment and assessing $11,-825 in attorney's fees against Toliver. The district court lacked jurisdiction to grant the motion, because Toliver already had filed his notice of appeal to this court. We therefore reverse.

## BACKGROUND

Toliver brought his action under 42 U.S.C. §§ 1981 and 1983, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5, against defendants Sullivan County, Brian Ingber, Richard L. Green, Lloyd T. Shimer, and Leon Siegal. Toliver alleged that the defendants had discriminated against him on the basis of race when Sullivan County declined to hire him as either a veterans service officer or as an assistant director for veterans services. Judge Griesa conducted a bench trial on the Title VII claims; the §§ 1981 and 1983 claims were tried to a jury.

At trial, after both sides had rested, Judge Griesa dismissed all claims against defendants Ingber and Siegal. He also found in favor of all defendants on the Title VII claims.

The jury found for two of the remaining defendants, Sullivan County and Richard Green, on the §§ 1981 and 1983 claims; however, they could not reach a verdict with regard to Lloyd Shimer. Subsequently, Judge Griesa granted defendants' motion for a directed verdict on the §§ 1981 and 1983 claims against Shimer. In a final judgment dated March 1, 1991, and docketed March 4, 1991, Judge Griesa dismissed appellant's action and, significantly for this appeal, ordered each party to bear its own "costs". Under 42 U.S.C. §§ 1988 and

2000e–5(k), this meant that attorney's fees were not allowed to either party. Toliver filed his notice of appeal on March 29, 1991.

Over one month later, on May 9, 1991, while Toliver's appeal was pending in this court, defendants moved under Fed. R.Civ.P. 60(b) to reopen the judgment to obtain an award of attorney's fees. Judge Griesa granted the motion in an order filed July 5, 1991.

Toliver then filed this second appeal to challenge separately Judge Griesa's award of attorney's fees. Before argument of this second appeal, another panel of this court that heard Toliver's appeal from the original judgment affirmed Judge Griesa's dismissal of the action in an unpublished summary order, *see Toliver v. County of Sullivan,* 948 F.2d 1278 (2d Cir.1991).

## DISCUSSION

Toliver contends on appeal that the defendants lack "standing to make a motion some sixty-five days after the [district court] issued and filed its final order." Defendants' brief ignored this jurisdictional argument and instead concentrated on the merits of the attorney's fee award. However, Toliver is correct: the district court lacked jurisdiction to grant the rule 60(b) motion.

While the federal rules do permit the district court to "relieve a party or a party's legal representative from a final judgment", *see* Fed.R.Civ.P. 60(b), this circuit has repeatedly held that the docketing of a notice of appeal "ousts the district court of jurisdiction except insofar as it is reserved to it explicitly by statute or rule." *Ryan v. United States Line Co.,* 303 F.2d 430, 434 (2d Cir.1962).

■ Consequently, the district court may *grant* a rule 60(b) motion after an appeal is taken only if the moving party obtains permission from the circuit court. In *Ryan* we noted that the district court can entertain and *deny* the rule 60(b) motion; however, "if [the district court] decides in favor of it, then and then only is the necessary remand by the court of appeals to be sought." *Id.* at 434. *See also*

*Fidenas AG v. Compagnie Internationale Pour L'Informatique CII Honeywell Bull S.A.,* 606 F.2d 5, 6 n. 1 (2d Cir.1979) (citing *Ryan*). In other words, before the district court may grant a rule 60(b) motion, this court must first give its consent so it can remand the case, thereby returning jurisdiction over the case to the district court.

In this case, however, our permission was not obtained. The district court's March 4 judgment disposed of the entire action, including attorney's fees, and Toliver's filing of a notice of appeal removed the entire matter, including attorney's fees, from the jurisdiction of the district court. Thus, absent this court's permission, Judge Griesa lacked jurisdiction to grant the defendants' rule 60(b) motion, and we reverse on that ground.

We note that this is not a case where the district judge reserved decision on attorney's fees, but entered final judgment on the merits. As the Supreme Court has held, "an unresolved issue of attorney's fees for the litigation in question does not prevent judgment on the merits from being final." *Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 202, 108 S.Ct. 1717, 1721–22, 100 L.Ed.2d 178 (1988). Thus, attorney's fees need not be part of the merits appeal for purposes of the final judgment rule. Here, however, the district court in ordering final judgment included both liability and "costs", of which attorney's fees are a part. Toliver's appeal from that first judgment divested the district court of jurisdiction to grant the subsequent rule 60(b) motion.

■ If we were to address the merits of the attorney's fees award itself, we would have reservations about the amount of attorney's fees assessed in the absence of some affirmative indication by the district court that it had considered plaintiff's financial standing when it granted the defendant's motion. As we have previously noted, "fee awards are at bottom an equitable matter, [and] courts should not hesitate to take the relative wealth of the parties into account." *Faraci v. Hickey–Freeman,* 607 F.2d 1025, 1028 (2d Cir.1979) (citations omitted); *see also Johnson v. New York*

*City Transit Auth.,* 823 F.2d 31, 33 (2d Cir.1987) ("ability to pay is appropriately to be considered" in award of attorney's fees). This is particularly so when it is the defendant who seeks a fee award.

Consequently, a significantly reduced award of attorney's fees might be appropriate, if the defendants decide to present to the district court a new application for attorney's fees, and if the district court determines that the defendants' new motion satisfies the requirements of rule 60(b).

Reversed.