**DOW JONES & COMPANY, INC. and Robert L. Bartley, Plaintiffs,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Defendant,**

and

**Lisa Foster, Intervenor–Defendant.**

**No. 94 Civ. 0527 (SS).**

United States District Court,
S.D. New York.

Nov. 29, 1995.

Dow Jones & Company, Inc. Legal Department, New York City (Stuart D. Karle, of counsel), for plaintiffs.

Mary Jo White, United States Attorney for Southern District of New York, New York City (Steven I. Froot, of counsel), for defendant.

Swidler & Berlin, Washington, DC (James Hamilton, of counsel), for intervenor-defendant.

### OPINION AND ORDER

SOTOMAYOR, District Judge.

Defendant United States Department of Justice (the "DOJ") and intervenor-defendant Lisa Foster move, pursuant to Fed. R.Civ.P. 60(b), for an order vacating a ruling of this Court and dismissing corresponding portions of the Complaint as moot. Defendants' motion for vacatur applies to my Opinion and Order dated January 5, 1995, and my

Judgment dated March 6, 1995, requiring public disclosure of a torn-up note attributed to the late Vincent W. Foster (the "Note"). For the reasons discussed below, defendants' motion is **GRANTED.**

### BACKGROUND

Plaintiffs Dow Jones & Company, Inc. ("Dow Jones") and Robert L. Bartley ("Bartley") brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking disclosure of two reports, one prepared by the United States Park Police (the "Park Police") and the other by the Federal Bureau of Investigation (the "FBI"), concerning the death of former Deputy White House Counsel Vincent Foster.[1] A torn-up Note, which was apparently written by Foster and found in his briefcase several days after his death, was a part of the investigation and was referenced in the reports. In their motion for partial summary judgment, plaintiffs challenged the DOJ's decision to withhold a copy of the Note from the public. The DOJ argued that it was authorized to withhold the Note under 5 U.S.C. § 552(b)(7)(C), which protects from disclosure any law enforcement records whose release would constitute an "unwarranted intrusion of personal privacy."

In an Opinion and Order dated January 5, 1995, I ruled in favor of the DOJ on the withholding of the two investigative reports but in favor of the plaintiffs on the withholding of the Note. On February 16, 1995, I granted Lisa Foster, Vincent Foster's widow, leave to intervene for purposes of appeal. A Final Judgment was entered on March 6, 1995, enjoining the DOJ from withholding photocopies of the Note from circulation. Familiarity with the January 5, 1995 Opinion and Order, *Dow Jones & Co. v. United States Dep't of Justice*, 880 F.Supp. 145 (S.D.N.Y. 1995), is assumed and I will not restate the factual background of this case as described therein.

Upon stipulation of the parties, I granted the DOJ's subsequent motion to stay the

---

1. Dow Jones is the corporate owner of the *Wall Street Journal.* Robert L. Bartley is the editor of the newspaper.

judgment pending appeal. In May, 1995, the DOJ and Lisa Foster filed timely notices of appeal from my grant of summary judgment in favor of plaintiffs, which had enjoined the DOJ from withholding copies of the Note. Plaintiffs also filed a cross-appeal from my grant of summary judgment in favor of the DOJ, which had allowed the two investigative reports to be withheld. The parties later stipulated to the dismissal of the cross-appeal.

Also in May, 1995, the Senate Committee on Banking, Housing and Urban Affairs (the "Senate Committee") requested from the United States Department of the Interior (the "Interior Department") certain Park Police documents relating to Vincent Foster's death. On June 13, 1995, the Interior Department supplied the requested documents, including a photocopy of the Note, to the Senate Committee. This photocopy was provided in a separate envelope with a request for assurances that the Note be kept confidential. No other authorized release of the Note has been made by the DOJ or any other executive branch agency.

On August 2, 1995, after the DOJ and Lisa Foster had filed their appellate briefs and the Joint Appendix, the *Wall Street Journal* reprinted the photocopied Note on its opinion page under the headline: "The Note That Won't Go Away." Under the headline was an explanatory sub-headline that stated:

> The following note was said by the White House to have been found in Vincent Foster's briefcase following his death.

On the same page, the *Journal* published an accompanying editorial, headlined "More Small Fry," in which it alluded to the circumstances under which it had obtained the photocopied Note:

> Little wonder that the White House has been extraordinarily sensitive about this note, releasing its version of the text but making the original available only in the Justice Department press room. We have sued for its release under the Freedom of Information Act, and won in Federal District Court. But appeal is still pending, after attorneys representing Mrs. Foster intervened with assertions of privacy rights. By now copies of the note have been widely circulated on Capital Hill, and even displayed on television screens in the hearing room. This has become ridiculous, *and a copy of the note is reprinted alongside.* Of course, the events described above show that the chain of custody is much in doubt, so we do not know whether it is the same yellow pieces of paper Ms. Gorham saw but Mr. Nussbaum did not. (Emphasis added.)

In their response to the instant motions, plaintiffs do not identify their source for the Note and neither confirm nor deny that they obtained the Note from a congressional source.

In light of the *Journal*'s publication of the Note, defendants moved on August 17, 1995, in the Second Circuit Court of Appeals to dismiss the appeal as moot and to vacate the relevant portions of this court's decision. Plaintiffs opposed the motion, arguing that they still needed an "authenticated, actual-sized copy" of the Note to confirm that they had published a genuine copy of the Note and to test certain claims made during the investigation of Vincent Foster's death. After various discussions among the parties and a conference with this court, counsel for the DOJ sent plaintiffs a letter dated September 27, 1995, confirming that the *Journal* had published an authentic copy of the same Note that was at issue in the pending appeal. The letter also stated, "In response to your inquiry, the copy of the note in the possession of the Justice Department is on standard $8\frac{1}{2} \times 11$ inch paper, with the outline of the reassembled note itself occupying an area of slightly smaller dimensions." By return letter, plaintiffs agreed that their receipt of the September 27 letter mooted the pending appeal. The instant motion followed, pursuant to Fed.R.Civ.P. 60(b) and under the authority of *Toliver v. County of Sullivan*, 957 F.2d 47 (2d Cir.1992).

### DISCUSSION

Plaintiffs agree that this case is moot. They also agree that the propriety of vacatur depends on "whether the party seeking relief from the judgment below caused the mootness by voluntary action." (Pls.' Mem. of

Law in Opp. to Motions to Vacate a Portion of This Court's Judgment at 7 [hereinafter "Pls.' Opp.Mem."] (quoting *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, —— U.S. ——, ——, 115 S.Ct. 386, 391, 130 L.Ed.2d 233 (1994))).

■ The Supreme Court and this circuit have repeatedly recognized the importance of vacating judgments when a losing party has been deprived involuntarily of an opportunity to appeal. The Supreme Court stated in *U.S. Bancorp*:

A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment.... The same is true when mootness results from unilateral action of the party who prevailed below.

*U.S. Bancorp*, at —— – ——, 115 S.Ct. at 391–92; *see also Associated Gen. Contractors of Conn., Inc. v. City of New Haven*, 41 F.3d 62, 67 (2d Cir.1994) ("A party should not suffer the adverse *res judicata* effects of a district court judgment when it is denied the benefit of appellate review through no fault of its own."); *Bragger v. Trinity Capital Enterprise Corp.*, 30 F.3d 14, 17 (2d Cir.1994) (court has general duty to vacate when defendant's appeal, otherwise actively pursued, is rendered moot by intervening circumstances). The DOJ and Lisa Foster, the parties seeking vacatur of the existing judgment, bear the burden of proving their entitlement to such relief. *U.S. Bancorp*, —— U.S. at ——, 115 S.Ct. at 392.

Plaintiffs argue that the DOJ and Lisa Foster have not met their burden of proving that the appeal was mooted by the "vagaries of circumstance." Plaintiffs instead maintain that the appeal was mooted by the DOJ's own voluntary decision to confirm the authenticity of the Note in the September 27, 1995 letter. Plaintiffs argue in the alternative that the appeal was mooted by the voluntary acts of the government in that a government source supplied the Note to plaintiffs. Plaintiffs' arguments miss the point.

Plaintiffs' Complaint merely sought copies of the two investigative reports that included copies of the Note. The Complaint did not ask the DOJ to authenticate the Note; nor did it seek an actual-size photocopy of the Note. A year and a half later, while an appeal of their lawsuit was pending, plaintiffs independently received a copy of the Note from an unidentified source and published it. The result was that plaintiffs obtained and published exactly what their Complaint had sought.

■ The DOJ has convincingly demonstrated that no authorized executive branch agency disclosed the Note. I agree with Lisa Foster that defendants should not be deprived of the equitable remedy of vacatur when plaintiffs were the ones who secured and published a confidential government document from an unauthorized source. *Cf. Hill v. United States Air Force*, 795 F.2d 1067, 1068–69 (D.C.Cir.1986) (where employee obtained FOIA-requested files from a supervisor's desk, employee's FOIA action was mooted). It was the plaintiffs' voluntary act of receiving the Note from an unauthorized—presumably congressional—source, not any voluntary act by defendants as representatives of the executive branch, that rendered an appeal of the Judgment moot.

Furthermore, I am unpersuaded by plaintiffs' contention that without confirmation from the DOJ, plaintiffs would have remained forever uncertain of the Note's provenance. In light of the *Journal*'s unequivocal and unconditional statements on August 2 that it was "reprint[ing]" a copy of the Note, it is disingenuous for plaintiffs now to maintain that they published a document that they "thought probably was the Note" but which still required DOJ authentication. (Pls.' Opp.Mem. at 7–8.) The August 2 editions of the *Journal* did not qualify that the Note reprinted on page A10 might not be the same Note that the DOJ was withholding from public view. To the extent that an actual-sized copy of the Note was of significance to plaintiffs, they never raised that issue in their Complaint or in other submissions to this court during the FOIA litigation. Only after I rendered judgment in that case did plaintiffs state a need for an actual-sized copy of the Note, and this new request was promptly honored by the DOJ in its September 27 letter. In summary, none of the

actions taken by the DOJ and Lisa Foster, including the sending of the September 27 letter, rendered their appeal moot. The plaintiffs' decision to accept the note from an unauthorized source was what mooted the appeal.

## CONCLUSION

For the reasons discussed above, I grant defendants' motion, pursuant to Fed.R.Civ.P. 60(b), to vacate those portions of my Jan. 5, 1995, Opinion and Order and my March 6, 1995, Judgment requiring the DOJ to release a photocopy of the Note to the public. I also grant defendants' motion to dismiss as moot that portion of the Complaint that sought to obtain a photocopy of the Note from the investigative reports. The Clerk of the Court is directed to enter judgment in accordance with this Opinion and Order.

**SO ORDERED**