**Gary R. WALL, William Cooksey, Sr., Plaintiffs–Appellants,**

v.

**CONSTRUCTION & GEN LABORER'S UNION, LOCAL 230, John Pezzente, Dominick Lopreato, Charles Le-Conche, Defendants–Appellees.**

No. 00–9371.

United States Court of Appeals, Second Circuit.

Sept. 6, 2001.

Gary R. Wall, Wethersfield, CT, pro se.

William Cooksey, Sr., Hartford, CT, pro se.

Robert M. Cheverie, Cheverie & Associates; John T. Fussell, on the brief, East Hartford, CT, for Appellees.

Present MESKILL, WINTER and STRAUB, Circuit Judges.

SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the District Court is hereby AFFIRMED.

Plaintiffs–Appellants Gary R. Wall and William Cooksey, Sr., *pro se,* appeal from an order of the United States District Court for the District of Connecticut (Janet C. Hall, *Judge* ), denying their motion for reconsideration pursuant to Fed. R.Civ.P. 60(b).[1]

The facts giving rise to this action are described in this Court's opinion in *Wall v. Construction & General Laborers' Union, Local 230,* 224 F.3d 168 (2d Cir.2000) (*"Wall I "*). The plaintiffs had filed a complaint alleging that the Construction and General Laborers' Union, Local 230, John Pezzente, Dominick Lopreato, and Charles LeConche violated the Labor Management Reporting and Disclosure Act ("LMRDA") and Connecticut statutory and common law by refusing to readmit them as members of Local 230. The defendants filed a motion seeking to dismiss the complaint or for summary judgment, arguing that all of the claims raised were time-barred and, furthermore, that the state claims were preempted by federal law. The District Court granted the summary judgment motion, finding that the LMRDA claim was barred by the applicable statute of limitations and that the state law claims were preempted by the Labor Management Relations Act ("LMRA").

The plaintiffs moved for reconsideration of the District Court's ruling and, while that motion was pending, filed a notice of appeal from the same ruling. It was that notice of appeal that resulted in *Wall I.*

1. The caption above is this Court's official caption rather than the caption on the appel- lants' brief.

While the appeal was pending, in July 1999, the District Court granted the reconsideration motion, but adhered to its prior order. Despite the pendency of the appeal, in August 1999, the plaintiffs filed another motion for reconsideration arguing that the judgement for the defendants was procured by fraud on the court. Specifically, the plaintiffs argued that the defendants' claim that Local 230 had a policy not to readmit members who had been delinquent in paying dues for more than twelve months was false in that there was no such policy. The District Court denied the motion, finding that the contention was not only without merit but also irrelevant. In September 1999, the plaintiffs again sought reconsideration of that denial.

The plaintiffs' appeal in this Court still went forward. In August 2000, we affirmed the dismissal of the state law claims but reversed the dismissal of the LMRDA claim, without making mention of the outstanding reconsideration motion in the District Court. *See Wall I,* 224 F.3d at 179. We held that the Union was estopped from raising the statute of limitations defense to the LMRDA claim and that the statute of limitations was tolled while the plaintiffs tried to resolve the readmission dispute internally. *Id.* at 176–78. We also found that there was evidence sufficient to support a jury finding that the Union had not consistently enforced a twelve-month time limit on members' readmission rights. *Id.* at 175. Thereafter, in September 2000, the District Court denied the September 1999 reconsideration motion as moot in light of the plaintiffs' appeal. Appellants then filed the present notice of appeal in this Court and, in July 2001, filed a motion "to clarify representation re: fraud on the court." The case in the District Court has also been reopened in light of our remand.

On appeal, Appellants request, *inter alia,* that we "reverse" the findings of the District Court in its denials of the reconsideration motions and remand the case for a hearing. We review a district court order denying a motion for relief from a final judgment pursuant to Fed.R.Civ.P. 60(b) for abuse of discretion. *See Transaero, Inc. v. La Fuerza Aerea Boliviana,* 162 F.3d 724, 729 (2d Cir.1998), *cert. denied,* 526 U.S. 1146, 119 S.Ct. 2022, 143 L.Ed.2d 1033 (1999). "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.* (internal quotation marks omitted).

In light of our remand in the appeal from the District Court's ruling on the Appellees' summary judgment motion as to the LMRDA claim, the District Court properly denied the reconsideration motion as moot. On remand, the District Court will address the very arguments presented in support of the reconsideration motion. We note that the District Court had jurisdiction to deny the motion for reconsideration even though a notice of appeal had already been filed in this Court. *See Toliver v. County of Sullivan,* 957 F.2d 47, 49 (2d Cir.1992).

Appellants' motion to "clarify representation re: fraud on the court" is hereby denied. Appellants are free to raise any arguments concerning their LMRDA claim in the ongoing District Court proceeding.

We have considered the appellants' remaining arguments and find them to be without merit. For the reasons set forth above, we AFFIRM the judgment of the District Court.