Lorel **FIGUEROA**, et al., Plaintiffs,

v.

**SAVANAR RESTAURANT, INC.**, d/b/a **Ponderosa Steakhouse, and Metromedia Steakhouse Company, L.P.,** Defendants.

**No. 99 CIV. 2012 (VM).**

United States District Court, S.D. New York.

Dec. 20, 2001.

---

Louis Ginsberg, New York City, for plaintiffs.

Leonard Buddington, Jr., Yonkers, NY, for defendants.

### DECISION AND ORDER

MARRERO, District Judge.

On November 8, 2001, after a three-day trial and an additional half day of deliberations, the jury in the captioned matter returned a verdict in favor of plaintiffs on their sexual harassment claims asserted pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e. The jury awarded plaintiffs $50,000 each (consisting of $25,000 compensatory and $25,000 punitive damages) for a total of $200,000, jointly and severally, against the defendants, Savanar Restaurant, Inc. (hereinafter "Savanar") and Metromedia Steakhouse Company, L.P. (hereinafter "Metromedia"). The Clerk of Court entered judgment on November 13, 2001. On December 6, 2001, a Notice of Appeal was filed on this matter on behalf of Savanar. A second Notice of Appeal expressly on behalf of Metromedia was recorded on December 12, 2001.

Notwithstanding the closure of the trial proceedings, Metromedia now seeks to reopen the judgment of the jury against it by moving, by order to show cause, for an order (1) substituting the firm of Ingram Yuzek Gainen Carroll & Bertolotti, L.L.P. as counsel for Metromedia, replacing its current counsel of record, Leonard Buddington, Jr. (hereinafter "Buddington"); (2) relieving Metromedia from the judgment entered against

it pursuant to Rule 60(b)(1) and (6) of the Federal Rules of Civil Procedure; (3) staying all proceedings to enforce the judgment; and (4) adjourning the Court's disposition of plaintiffs' motion for attorneys' fees. For the reasons set forth below, Metromedia's motion is denied.

Metromedia contends that (1) it was not plaintiffs' employer and thus as a matter of law cannot be held liable for sexual discrimination under Title VII; (2) it had understood that a motion to dismiss Metromedia from the action on this basis had been made on its behalf in 1999; (3) Buddington had informed Metromedia that it had been dismissed from the case in 1999; (4) Metromedia had not been informed of the fact that the matter had gone to trial; (5) it learned through third parties only after plaintiffs froze Metromedia bank assets to enforce the award that a judgment had been entered herein against Metromedia; (6) Metromedia's attempts to communicate with Buddington or otherwise obtain information from him were unavailing; and (7) plaintiffs caused J.P. Morgan Chase Bank to improperly freeze Metromedia's assets in Texas. The Court lacks jurisdiction to review the actions of J.P. Morgan Chase Bank.

Reduced to its essence, Metromedia's arguments amount to the proposition that although at one point Metromedia authorized Buddington to represent it in this action, Metromedia now has serious misgivings about Buddington's representation: "Upon our preliminary review, we have developed serious concerns about Mr. Buddington's conduct and representation of Metromedia." (Letter from David G. Ebert to the Court, dated Dec. 12, 2001, now made part of the record of this action). Notwithstanding Metromedia's "serious concerns" and Buddington's performance, the record unambiguously reflects that Metromedia was duly served with process in March 1999 in this action, that it appeared through Buddington, and that Buddington repeatedly confirmed on the record his representation of Metromedia.

Defendants' Answer, signed by Buddington and filed on April 30, 1999, purports to be made on behalf of "Defendants SAVANR

[sic] RESTAURANT, INC. d/b/a PONDEROSA STEAKHOUSE, and METROMEDIA STEAKHOUSE COMPANY, [who] jointly answer Plaintiffs' Complaint." (Defendants' Answer, dated April 30, 1999, at 1). Furthermore, in that Answer, Metromedia admitted the relevant portion of the complaint which alleged that Metromedia and Ponderosa jointly employed plaintiffs.

Again, Buddington, on behalf of Metromedia, in the parties' Joint Pre–Trial Order, dated April 30, 1999, stipulated to the fact that Savanar and Metromedia jointly employed plaintiffs.

Despite these clear and unambiguous statements of Buddington's representation of Metromedia, the Court, in order to respond to an inquiry from a juror regarding the relationship between Metromedia and Savanar for purposes of liability, again sought a clarification on the record during the trial of this matter as to Metromedia's representation. Specifically, the Court engaged in the following colloquy:

THE COURT: Excuse me. Let me interrupt. Mr. Buddington, is Metromedia a defendant in this case?

MR. BUDDINGTON: Yes, your honor.

THE COURT: Are you representing Metromedia?

MR. BUDDINGTON: Your Honor, I represent Shakeel Khan and I represent Arshad Khan. They are principals in Savanar Restaurant, which is a franchise under Metromedia.

THE COURT: All right. My question specifically is, first, has Metromedia entered an appearance in this matter? Have they entered an answer in this matter? Are they represented at trial?

MR. BUDDINGTON: No, your Honor.

MR. LESCHT: Your Honor, that is flatly inaccurate. If you look at Exhibit 2, which is the answer to the complaint, Mr. Buddington appears as counsel and entered an appearance to answer.

\* \* \*

THE COURT: Mr. Buddington, to the extent that your answers today are that Metromedia is not being represented, that they have not answered, the necessary implications from that is that a default judgment against Metromedia would be appropriate.

MR. LESCHT: And we so move, your Honor.

MR. BUDDINGTON: I understand. Your Honor, let me just clarify. *An answer was entered by my office on behalf of Metromedia, and they are represented by myself in this action based upon the answer that was filed.* That is my—I stand by the answer that was filed in this action, and I'm sorry for confusing the Court with what I just said.

THE COURT: Now, beyond the answers that were given or the responses in the answer, has Metromedia, in other means, by other representation, defended in this trial the charges against them?

MR. BUDDINGTON: *Your Honor, specifically I received communication from Metromedia advising me to defend this action on their behalf.*

(Trial Tr. at 163–64) (emphasis added).

Notwithstanding these express representations to the Court, its responsive pleadings and stipulations to material facts in the Joint Pre–Trial Order, Metromedia now moves for relief from the judgment because it believes or understands that different and/or additional arguments and motions should have been made before trial on its behalf. Assuming Metromedia's belief or understanding has any merit, that is an issue between Metromedia and the attorney who represented on the record and in several court documents that he was appearing on behalf of Metromedia.

 Furthermore, Metromedia brought the present motion on December 14, 2001, two days after filing a notice of appeal on its behalf. The traditional rule is that the filing of a notice of appeal divests a district court of jurisdiction over a case. *See Leonhard v. United States*, 633 F.2d 599, 609–10 (2d Cir. 1980), *cert. denied*, 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981). However, according to applicable Second Circuit doctrine, a district court may consider a Rule 60(b) motion after notice of appeal is filed. *See United States v. International Brotherhood of Teamsters*, 179 F.R.D. 444, 446 (S.D.N.Y.

1998); *Toliver v. County of Sullivan,* 957 F.2d 47, 49 (2d Cir.1992). This doctrine even permits the district court to deny such motion. *See Toliver,* 957 F.2d at 49; *International Brotherhood,* 179 F.R.D. at 446. By contrast, should the district court be inclined to grant the motion, the court may do so only upon expressing its inclination and the parties obtaining a remand from the Second Circuit. *See Toliver,* 957 F.2d at 49. In the case at bar, this Court found nothing in the record, nor has Metromedia offered any compelling ground, to justify the relief Metromedia requests.

Accordingly, it is hereby

**ORDERED** that Metromedia's motion is denied in its entirety.

**SO ORDERED.**