State of NEW YORK, Plaintiff,

v.

NATIONAL SERVICES INDUSTRIES, INC., Defendants.

No. 99–CV–2745.

United States District Court, E.D. New York.

June 17, 2002.

Eliot Spitzer, Attorney General of the State of New York, by Carter H. Strickland, Jr., Assistant Attorney General, New York State Dept. of Law, Environmental Protection Bureau, New York City, for plaintiff State of New York.

King & Spalding, by Beverlee E. Silva, Atlanta, GA, for defendant.

*Memorandum Of Decision And Order*

SPATT, District Judge.

This case is before the Court on the parties' joint application for an expression of the Court's willingness to grant a Fed.R.Civ.P. 60(b) motion if this case should be remanded by the Second Circuit Court of Appeals. For the following reasons, the Court would be willing to grant such a motion.

## BACKGROUND

This is an action brought by the State of New York ("Plaintiff") under the Comprehensive Environmental Response. Compensation and Liability Act ("CERCLA"), to hold National Services Industries ("Defendant") liable for cleanup costs incurred by Plaintiff at the Town of Islip municipal landfill on Blydenburgh Road in Islip, New York. By memoranda opinions and orders dated February 16, 2001, December 10, 2001 and January 17, 2002, this Court granted Plaintiff's cross-motion for summary judgment on its claim under CERCLA, and denied Defendant's cross-motion for summary judgment on the same claim.

On January 31, 2002, the Court entered Final Judgment awarding Plaintiff $12,477,254.42 "for response costs and pre-judgment interest incurred through and including January 31, 2002" as well as a declaratory judgment that Defendant is liable for "such other response costs or damages that the State has incurred or will incur in connection with the Blydenburgh Landfill." Although the Final Judgment resolved the entire claim for relief in this action, it mistakenly contained reference to Fed.R.Civ.P. 54(b).

On March 1, 2002, Defendant noticed an appeal of the Final Judgment to the Second Circuit Court of Appeals. By letter dated May 23, 2002, Plaintiff reports that the parties have had a conference with the staff attorney for the Second Circuit, Stanley Bass, Esq., who advised the parties that the reference in the Final Judgment to Rule 54(b), when read together with the declaratory judgment of liability for such damages as the Plaintiff "has incurred," creates an apparent jurisdictional defect in the appeal. Specifically, Mr. Bass reads the judgment as not disposing of all of the claims before this Court. Therefore, because the Final Judgment does not contain an "express determination" under Rule 54(b) that an appeal is proper, Mr. Bass opined that the Court of Appeals is without jurisdiction to hear the appeal.

An additional error in the Final Judgment that the parties have brought to the Court's attention is the omission of a comma after the word "costs" in the award of "response costs and pre-judgment interest incurred through and including January 31, 2002." This error in punctuation apparently gives the mistaken impression that the final judgment accounts for all of the response costs that Plaintiff had incurred up to the date of judgment, whereas, at the time of the final judgment. Plaintiff was unable to compile all of the costs that it had incurred.

The parties now jointly apply to this Court for an expression of the Court's willingness to grant a Fed.R.Civ.P. 60(b) motion for relief from the Final Judgment, to amend any possible jurisdictional infirmities in their appeal to the Second Circuit Court of Appeals. For the following reasons, the Court finds such relief to be appropriate.

## DISCUSSION

The application before the Court presents a dual-pronged inquiry for its consideration. The first issue that the Court must address is whether it has jurisdiction to consider the parties application to make a Rule 60(b) motion. If the Court finds that it is vested with such jurisdiction, the second issue to be addressed is whether the requested Rule 60(b) relief is warranted. For the following reasons, the Court answers both of these questions in the affirmative.

### 1. This Court's Jurisdiction

The Court finds that it has jurisdiction to entertain the present application, but that, at this juncture, its role is limited to either denying the request for Rule 60(b) relief, or advising the Court of Appeals and the parties of its willingness to grant such relief.

█ The Second Circuit Court of Appeals "has repeatedly held that the docketing of a notice of appeal 'ousts the district court of jurisdiction except insofar as it is reserved to it explicitly by statute or rule.'" *Toliver v. County of Sullivan,* 957 F.2d 47, 49 (2d Cir.1992) (quoting *Ryan v. United States Lines Co.,* 303 F.2d 430, 434 (2d Cir.1962)). Notwithstanding this general rule, a district court may entertain and *deny* a Rule 60(b) motion after an appeal has been taken. *Ryan,* 303 F.2d at 434. However, once a notice of appeal has been docketed, before a district court may *grant* a Rule 60(b) motion, the Court of Appeals "must first give its consent so it can remand the case, thereby returning jurisdiction over the case to the district court." *Toliver,* 957 F.2d at 49. Therefore, if the district court is inclined to grant a Rule 60(b) motion following the docketing of an appeal, it should "give an 'express indication' that it intends to do so, but the court [should] not actually grant such relief" until such time as the Court of Appeals remands the case to the district court for that purpose. *Thompson v. County of Franklin,* 180 F.R.D. 216, 220 (N.D.N.Y.1998); *see also Lawrence v. Cohn,* No. 90–CV–2396, 1992 WL 18801, * 2 (S.D.N.Y. Jan. 28, 1992) ("The general rule is that the filing of a notice of appeal divests the district court of jurisdiction to entertain a post-judgment motion under Fed.R.Civ.P. 60(b) ... The Second Circuit has stated that a district judge could indicate how he would rule on the motion so that the Court of Appeals can then remand the case for decision of the Fed.R.Civ.P. 60(b) motion").

Accordingly, the Court finds that it has jurisdiction to entertain the application for Rule 60(b) relief. However, the relief that the Court is empowered to grant at this juncture is limited to either denying the motion or issuing an expression of its willingness to grant the motion should the Court of Appeals remand the case.

### 2. *Rule 60(b) Motion*

█ The Court finds that Rule 60(b) relief from the Final Judgment is appropriate in this case.

Rule 60(b) provides, in relevant part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect ... or (6) any other reasons justifying relief from operation of the judgment.

Fed.R.Civ.P. 60(b).

Here, the parties agree that the Final Judgment was intended to comprehensively dispose of the entire claim for relief before this Court, and that any ambiguity or confusion concerning the Final Judgment's scope and effect is a product of "mistake." *See generally Tarkington v. United States Lines Co.,* 222 F.2d 358, 360 (2d Cir.1955) ("mistake" for purposes of Rule 60(b) includes mistake of the court); *Schildhaus v. Moe,* 335 F.2d 529, 531 (2d Cir.1964) (same); *Weber v. Goodman,* No. 97–CV–1376, 1998 WL 1807355, *3 n. 4 (E.D.N.Y. June 1, 1998) (same). Indeed, the application for Rule 60(b) relief is made jointly by the parties.

Accordingly, the Court finds that the requested relief from the January 31, 2002 Final Judgment pursuant to Rule 60(b) should be granted.

### CONCLUSION

For the foregoing reasons, the Court finds that the requested Rule 60(b) relief is merited. However, mindful of this Court's limited role at this juncture, the Court does not actually grant relief from the Final Judgment at this time, but instead hereby advises the Second Circuit Court of Appeals of its willingness to grant such relief if the case is remanded for that purpose.

SO ORDERED.