UNITED STATES of America,
Appellant,

v.

Steven CAMACHO, also known as Spanky, also known as Spank, and Jaime Rodriguez, also known as Jay, Defendants–Appellees.

Docket No. 02–1242.

United States Court of Appeals,
Second Circuit.

Submitted: July 30, 2002.

Decided: Aug. 22, 2002.

Sharon L. McCarthy, Assistant United States Attorney for the Southern District of New York, New York, NY, for Appellant United States of America.

Joshua L. Dratel, New York, NY, for Defendant–Appellee Steven Camacho.

Joyce C. London, New York, NY, for Defendant–Appellee Jaime Rodriguez.

Before: WALKER, Chief Judge, SACK, and SOTOMAYOR, Circuit Judges.

PER CURIAM:

The government moves for leave to withdraw its appeal of an order of the United States District Court for the Southern District of New York (Haight, J.) granting defendants' Fed.R.Crim.P. 33 motion for a new trial. The government requests that we remand this matter so that it may pursue a motion for reconsideration of the Rule 33 order before the district court. We conclude that the government's withdrawal motion is premature. Withdrawal of the appeal is required only if the district court first indicates that it is inclined to grant the motion. We deny the government's motion to withdraw without prejudice to a renewal of the motion after the government ascertains whether the district court is willing to grant the motion for reconsideration.

■ In June 1996, Steven Camacho and Jaime Rodriguez were convicted by a jury of multiple counts of committing violent crimes in aid of racketeering activities, in violation of 18 U.S.C. § 1959, and using a firearm in the commission of those crimes, in violation of 18 U.S.C. § 924(c). In October 2000, while their appeals from these convictions were pending in this Court, Camacho and Rodriguez filed a motion to withdraw their appeals without prejudice so that they could bring a Rule 33 motion for a new trial. In November 2000, we granted the motion and remanded the case to the district court. By order dated March 13, 2002, the district court, after conducting a hearing on the Rule 33 motion, granted a new trial to Camacho and Rodriguez on the ground of newly discovered evidence. The government filed a timely notice of appeal from the district court's order. While the appeal from the district court's Rule 33 order was pending, the government filed the present motion in this Court, seeking leave to withdraw its appeal without prejudice to reinstatement so that the government could file a motion for reconsideration of the Rule 33 order before the district court. The government had not filed its motion for reconsideration with the district court at the time it sought to withdraw its appeal. We now hold that withdrawal of this appeal is neither appropriate nor necessary at this juncture.

■ While the filing of a notice of appeal normally "divests the district court of [jurisdiction] over those aspects of the case involved in the appeal," *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982), Rule 33 specifically states that "if an appeal is pending, the court may *grant* the motion only on remand of the case," Fed.R.Crim.P. 33 (emphasis added). By implication, Rule 33 leaves the district court free to *entertain* a Rule 33 motion after a notice of appeal has been filed. *See Smith v. Pollin*, 194 F.2d 349, 350 (D.C.Cir.1952) (examining the legislative history of Rule 33). Accordingly, the district court retains jurisdiction to deny a Rule 33 motion during the pendency of an appeal, even though it may not grant such motion unless the Court of Appeals first remands the case to the district court. *Id; see also United States v. Cronic*, 466 U.S. 648, 667 n. 42, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). If the district court decides to

grant the Rule 33 motion, the district court may then signal its intention to this Court. *Cronic,* 466 U.S. at 667 n. 42. Only when presented with evidence of the district court's willingness to grant a Rule 33 motion will we remand the case. *Id.; United States v. Comulada,* 340 F.2d 449, 452 (2d Cir.1965).

When we were confronted with the issue of how a Fed.R.Civ.P. 60(b) motion should be adjudicated in the analogous situation, we drew on the procedure prescribed by Rule 33 in the belief that it was "calculated to be most economical of the effort of courts and parties." *Ryan v. United States Lines Co.,* 303 F.2d 430, 434 (2d Cir.1962); *see also Toliver v. County of Sullivan,* 957 F.2d 47, 49 (2d Cir.1992). Thus, when a Rule 60(b) motion is filed during the pendency of a civil appeal, we have held that the district court may deny the motion; " 'if [the district court] decides in favor of [the motion], then and then only is the necessary remand by the court of appeals to be sought.' " *Toliver,* 957 F.2d at 49 (quoting *Ryan,* 303 F.2d at 434) (first alteration in original).

■ We conclude that the procedure outlined above should apply equally to motions for reconsideration of a Rule 33 order. Judicial economy would hardly be served if we dismissed an appeal and remanded to the district court without first ascertaining whether the district court would reopen the Rule 33 proceedings. Thus, the district court may entertain and deny a motion for reconsideration of a Rule 33 order while an appeal is pending before this Court. If the district court is inclined to grant the reconsideration motion, then and only then should the movant seek remand.

In this case, the district court has not yet been presented with the government's reconsideration motion. We deny the government's motion for leave to withdraw this appeal without prejudice to a renewal of the instant motion after the government files its motion for reconsideration in the district court. The government should file its reconsideration motion expeditiously. If the government wishes to avoid litigating in both fora, it may move in this Court for the briefing in the pending appeal to be deferred or held in abeyance until the district court either denies the motion for reconsideration or indicates to this Court its desire to reopen the Rule 33 proceedings.