09-2680-cv, 09-2923-cv
R.S. v. The Board of Education of the Hastings-on-Hudson Union Free School District

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of April, two thousand ten.

PRESENT:
> ROBERT D. SACK,
> REENA RAGGI,
> PETER W. HALL,
> > *Circuit Judges*.

-------------------------------------------------------------

R.S., as father and guardian *ad litem* of S.S.,
D.S., as mother of S.S., and S.S.,

> *Plaintiffs-Appellants-Cross-Appellees*,

v.                                                                   Nos. 09-2680-cv,
                                                                        09-2923-cv

THE BOARD OF EDUCATION OF THE HASTINGS-ON-HUDSON UNION FREE SCHOOL DISTRICT, JOHN J. RUSSELL, individually and as Superintendent, THOMAS J. FAZIO, individually and as Principal, MIKE ROSSI, individually and as Assistant Principal, SUSAN GUINEY, individually and as Technology Director,

> *Defendants-Appellees-Cross-Appellants*.

-------------------------------------------------------------

APPEARING FOR APPELLANTS:       JAMES R. MARSH, White Plains, New York.

APPEARING FOR APPELLEES: BRIAN M. SHER (Joan M. Gilbride, *on the brief*), Kaufman Borgeest & Ryan LLP, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Paul G. Gardephe, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on June 3, 2009, is AFFIRMED.

Plaintiffs, S.S., a former student in the Hastings-on-Hudson Union Free School District (the "School District"), and her parents, R.S. and D.S., appeal a grant of summary judgment in favor of defendants on their claim that the School District Board of Education and individual school officials violated Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681 et seq., and the Equal Protection Clause of the Fourteenth Amendment by failing to protect S.S. from sexual harassment. Summary judgment is proper if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We review the district court's award of summary judgment de novo, "resolving all ambiguities and drawing all permissible factual inferences in favor of the party against whom summary judgment is sought." Burg v. Gosselin, 591 F.3d 95, 97 (2d Cir. 2010) (internal quotation marks omitted). In applying this standard, we assume familiarity with the facts and procedural record, which we reference only as necessary to explain our decision to affirm.

1.  Title IX

2

To prevail on their Title IX claim, plaintiffs must demonstrate (1) that the School District acted with "deliberate indifference" to sexual harassment (2) that was "so severe, pervasive, and objectively offensive that it effectively bar[red] . . . access to an educational opportunity or benefit." Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 633 (1999). Upon de novo review, we agree with the district court that the evidence is insufficient to raise a triable question of fact on the second issue.[1]

Plaintiffs' claim is based on three email messages received by S.S. during a ten-day period in March 2005, when she was a ninth-grader at Hastings-on-Hudson High School, on an email account maintained by the School District. Originating from the email account of M.X., a classmate, the first message was profane and disparaged S.S.'s appearance; the second (sent the next day) contained a crude sexual request; and the third declared, in explicit terms, the author's intent to have sex with S.S. S.S. promptly reported the emails to School District staff, including defendant Assistant Principal Michael Rossi, who had been informed of similar emails sent to at least one other female student from the same account at about the

_____

[1] Plaintiffs contend that the district court erred by failing to recognize that, in addition to charging the School District with failing to protect S.S. from peer-on-peer sexual harassment, they pursue an alternative theory of Title IX liability, i.e., that defendants subjected S.S. to a hostile environment. Assuming that plaintiffs' theories are materially distinguishable, but see Hayut v. State Univ. of N.Y., 352 F.3d 733, 745 (2d Cir. 2003) (noting that hostile environment claim requires consideration of, inter alia, "the frequency of the discriminatory conduct" and "its severity"), the district court did not so err. Plaintiffs' hostile environment theory is nowhere alleged in their complaint; nor is it advanced in their memorandum in opposition to defendants' motion for summary judgment. Accordingly, we deem any such claim waived. See Coon ex rel. Coon v. Willet Dairy, LP, 536 F.3d 171, 172 (2d Cir. 2008).

3

same time. School District staff discussed the emails with S.S.'s parents and questioned M.X., who denied sending the emails and claimed other students had gained access to his email password. The School District changed M.X.'s password and disabled his account, though there is evidence that it did not take these actions until May 2005. The sender of the emails was never conclusively identified. Plaintiffs contend that the School District's investigation was inadequate and that the resulting uncertainty caused S.S. considerable anxiety. It is undisputed, however, that S.S. received no further offensive emails and that she finished the school year with high academic honors.

We agree with the district court that the record is insufficient as a matter of law to permit a reasonable jury to find that S.S. endured harassment so severe and pervasive as to have effectively denied her access to educational resources and opportunities. See Davis v. Monroe County Bd. of Educ., 526 U.S. at 651. To be sure, "appalling conduct alleged in prior cases should not be taken to mark the boundary of what is actionable." Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62, 70 (2d Cir. 2000) (internal quotation marks omitted). The trio of offensive emails here at issue, however, falls well short of the kind of harassment found actionable under Title IX. See, e.g., Davis v. Monroe County Bd. of Educ., 526 U.S. at 633-34 (describing five-month "string of incidents," including unwanted touching, directed at fifth-grade girl and resulting in sexual misconduct conviction); T.Z. v. City of New York, 634 F. Supp. 2d 263, 271 (E.D.N.Y. 2009) (finding question of fact existed as to "pervasiveness" where seventh-grade plaintiff was held down by another student while third student removed her clothing and touched her inappropriately); Riccio

4

v. New Haven Bd. of Educ., 467 F. Supp. 2d 219, 227 (D. Conn. 2006) (finding question of fact existed as to whether harassment was severe and pervasive where eighth-grade plaintiff was subjected to sex-based name-calling "nearly every school day, in class, in-between classes, and at lunch," sometimes "by more than a dozen students," over eight-month period).[2] No different conclusion is warranted by plaintiffs' assertion that "for three full months M.X. continually confronted S.S." about the emails. Appellants' Br. at 17. S.S. testified that she participated in an unknown number of "angry arguments" with M.X. via "on-line chat," and that in May 2005 she and M.X. had one five-minute face-to-face conversation, never reported to the School District, during which M.X. denied sending the emails. No reasonable juror could conclude that such contacts amount to a "months-long campaign of intimidation and humiliation." Appellants' Reply at 5. Ultimately, plaintiffs' Title IX claim rests on the emails, which, while lamentable, do not rise to the level of actionable sexual harassment under federal law.

Our conclusion that plaintiff has failed to demonstrate severe and pervasive

---

[2] The hostile work environment cases cited by plaintiffs are not to the contrary. See Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d at 70-71 (reversing grant of summary judgment for defendants where plaintiffs were subjected to "a stream of racially offensive comments over the span of two to three months"); Howley v. Town of Stratford, 217 F.3d 141, 154 (2d Cir. 2000) (reversing grant of summary judgment for defendant where "verbal assault" "may easily have [had] the effect . . . of . . . impairing [plaintiff's] ability to lead in the life-threatening conditions often faced by firefighters"); see also Petrosino v. Bell Atl., 385 F.3d 210, 221-22 (2d Cir. 2004) (reversing grant of summary judgment in favor of defendant on hostile work environment claim where plaintiff endured one physical assault and "workplace disparagement of women, repeated day after day over the course of several years").

harassment renders it unnecessary for us to reach defendants' contention that the district court erred in identifying a triable question of fact as to whether they exhibited "deliberate indifference" to such harassment.

    2.    <u>Equal Protection</u>

Although an equal protection claim pursuant to 42 U.S.C. § 1983 may sometimes implicate a different standard than that applicable to Title IX claims, see <u>Fitzgerald v. Barnstable Sch. Comm.</u>, 129 S. Ct. 788, 797 (2009) (observing that "standards for establishing liability may not be wholly congruent"), here we agree with the district court that, to the extent plaintiffs' § 1983 claim sounds in sexual harassment, it fails for the same reason as their parallel claim under Title IX, see <u>Hayut v. State Univ. of N.Y.</u>, 352 F.3d 733, 744-45 (2d Cir. 2003) (noting that § 1983 sexual harassment claim was "governed by traditional Title VII 'hostile environment' jurisprudence" and considering frequency and severity of alleged misconduct).

Nor are we persuaded by plaintiffs' contention that the district court overlooked their alternate theory of disparate treatment based on the School District's less aggressive response to her complaints of sexual harassment than to a previous incident of race-based misconduct. In their brief opposing summary judgment, plaintiffs do cite the School District's response to the racial incident as evidence of its deliberate indifference for Title IX purposes. But they allege only one variety of "constitutional violation[: ] (sexual harassment via offensive email)." Pls.' Mem. Opp. Summ. J. at 22. Accordingly, we decline to consider this argument raised for the first time on appeal. <u>See Matar v. Dichter</u>, 563 F.3d 9, 12 n.4 (2d Cir. 2009).

6

We have considered plaintiffs' remaining contentions, and we conclude that they are without merit.[3] The judgment of the district court is therefore AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[3] In their appellate briefs, plaintiffs allege that "the record supports an inference that [a school official] . . . could have authored the obscene emails." Appellants' Br. at 13; see also id. at 22 n.9; Appellants' Reply at 8. The record does not support any such inference. While we do not assume that plaintiffs' counsel has intentionally misrepresented the record, more care should be taken in ascribing liability, particularly on a theory not advanced below. The district court, and not the court of appeals, is the proper forum in which to pursue any such allegation. See generally Fed. R. Civ. P. 60(b) (providing for motion for relief from judgment); Toliver v. County of Sullivan, 957 F.2d 47, 49 (2d Cir. 1992) (permitting limited remand after district court signals inclination to grant Rule 60(b) motion). A court of appeals is not the forum in which to bring an entirely new substantive allegation against a party, and we caution counsel against pursuing this litigation tactic in the future.