11-4167(L)
United States v. Jiau

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of October, two thousand thirteen.

PRESENT: AMALYA L. KEARSE,
         JOHN M. WALKER, JR.,
         DENNY CHIN,
              Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
              Appellee,

              -v-                          11-4167-cr
                                           12-2222-con

WINIFRED JIAU, AKA WINI, AKA SEALED
DEFENDANT 1,
              Defendant-Appellant,

DONALD LONGUEUIL, SON NGOC NGUYEN, AKA
SONNY,
              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                DAVID I. MILLER, Assistant United
                             States Attorney (Jenna M. Dabbs
                             and Diane Gujarati, Assistant
                             United States Attorneys, on the
                             brief), for Preet Bharara, United

States Attorney for the Southern District of New York, New York, New York.

FOR DEFENDANT-APPELLANT:   RANDA D. MAHER, Law Office of Randa Maher, Great Neck, New York, and Winifred Jiau, pro se, Dublin, California.

Appeal from the United States District Court for the Southern District of New York (Rakoff, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED,** except that the order of forfeiture and the order denying Jiau's May 2012 pro se Rule 33 motion is **VACATED** and the case is **REMANDED** for further proceedings.

Defendant-appellant Winifred Jiau appeals from a judgment entered October 4, 2011, after a jury convicted her of conspiracy to commit securities and wire fraud, in violation of 18 U.S.C. § 371, and securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff, 17 C.F.R. 240.10b-5, and 18 U.S.C. § 2. The district court sentenced Jiau to concurrent forty-eight-month terms of imprisonment and two years of supervised release, and ordered her to pay the mandatory special assessment of $200 and forfeit $3,118,000. We assume the parties' familiarity with the facts, procedural history, and issues for review.

- 2 -

On appeal, Jiau primarily challenges the district court's ruling denying her motion to suppress certain recorded telephone conversations and related evidence, and the sufficiency of the evidence at trial. These are addressed in a separate opinion issued simultaneously with this summary order. We now address Jiau's remaining challenges to: (1) two supplemental jury instructions; (2) her sentence of forty-eight months' imprisonment, on both procedural and substantive grounds; (3) the district court's forfeiture order; and (4) the district court's denial of her pro se Rule 33 motion.

1. Jiau challenges the propriety of two of the district court's supplemental jury instructions. "A jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." United States v. Wilkerson, 361 F.3d 717, 732 (2d Cir. 2004) (internal quotation marks omitted). We conclude that the two supplemental instructions correctly stated the law. Moreover, we reject Jiau's arguments that the instructions suggested a result to the jury and were therefore prejudicial.

2. Jiau challenges her sentence as both substantively and procedurally unreasonable. We review Jiau's sentence "under a deferential abuse-of-discretion standard," Gall v. United States, 552 U.S. 38, 41 (2007), and the district

- 3 -

court's calculation of the gain attributable to Jiau's conduct, for purposes of determining her base offense level under the U.S. Sentencing Guidelines, for clear error, see United States v. Gotti, 459 F.3d 296, 349 (2d Cir. 2006) (adopting a "clear error" approach when the determination was primarily factual). We conclude that the district court did not abuse its discretion in finding Jiau's circumstances distinguishable from those of other insider trading defendants. We note that the district court still imposed a sentence substantially below the recommended Guidelines range. Moreover, the court's findings that both Sonar Capital and Barai made their trades on the basis of Jiau's information, making her responsible for all their gains and avoided losses for sentencing purposes, were not clearly erroneous.

3. Jiau argues that the district court erroneously calculated the amount of forfeiture. In light of our intervening decision in United States v. Contorinis, 692 F.3d 136 (2d Cir. 2012), the government agrees that at least a limited remand is necessary because the order of forfeiture should not have included the $2.2 million attributable to Sonar Capital's avoided losses. See Contorinis, 692 F.3d at 146 n.3. Rather than engage in piecemeal review of the forfeiture order, we remand for the district court to reconsider the entire amount

- 4 -

of forfeiture, after giving the parties an opportunity to address the impact of Contorinis on this case.

4. Jiau argues in her supplemental pro se and counseled briefs that the district court erred in denying her 2012 pro se Rule 33 motion for lack of jurisdiction. When a defendant files a Rule 33 motion while the case is pending on direct appeal, "[t]he District Court ha[s] jurisdiction to entertain the motion and either deny the motion on its merits, or certify its intention to grant the motion to the Court of Appeals, which c[an] then entertain a motion to remand the case." United States v. Cronic, 466 U.S. 648, 667 n.42 (1984); see also United States v. Camacho, 302 F.3d 35, 36-37 (2d Cir. 2002) (per curiam). To "den[y] that motion for lack of jurisdiction because the case was pending on direct appeal at the time . . . [is] erroneous." Cronic, 466 U.S. at 667 n.42. Even though the district court acknowledged that it was not necessary to deny the motions on this basis and that it only did so for reasons of efficiency, it was erroneous to deny the 2012 pro se Rule 33 motion on the ground of efficiency, given that the motion raised questions as to the effective assistance of counsel, rather than any issues that were before this Court on the then-pending appeal from the judgment.

We have considered Jiau's remaining arguments and find them to be without merit. For the reasons set forth in both the accompanying opinion and this summary order, we **AFFIRM** the judgment of the district court except to the extent that it ordered forfeiture; we **VACATE** the order of forfeiture and the order denying Jiau's May 2012 <u>pro se</u> Rule 33 motion and **REMAND** for further proceedings consistent with today's rulings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk