Richard JOHNSON, as Trustee for The Demeter Trust, Robert F. Johnston and Lionel N. Sterling, Plaintiffs,

v.

ASKIN CAPITAL MANAGEMENT, L.P., Kidder Peabody & Co., Inc., and Donaldson, Lufkin & Jenrette Securities Corp., Defendants.

No. 97 CIV. 4335(RWS).

United States District Court, S.D. New York.

Aug. 8, 2001.

Bragar Wexler, Eagel & Morgenstern, New York City, by Peter D. Morgenstern, Paul D. Wexler, Lisa K. Eastwood, of counsel, for Plaintiff Lionel Sterling.

Cleary, Gottlieb, Steen & Hamilton, New York City, by Thomas J. Moloney, Mitchell A. Lowenthal, Carmine D. Boccuzzi, Jr., of counsel, for Defendant Kidder, Peabody & Co.

## MEMORANDUM OPINION

SWEET, District Judge.

Plaintiff Lionel Sterling ("Sterling") has moved pursuant to Rule 60(b), Fed. R. Civ. P., to vacate the order dismissing his claims against defendant Kidder, Peabody & Co., Inc. ("Kidder") on statute of limitations grounds. For the reasons set forth below, the motion is denied.

The parties and procedural history in this action have been set forth in a prior opinion, familiarity with which is assumed. *See Primavera Familienstifung v. Askin*, 130 F.Supp.2d 450 (S.D.N.Y.2001) ("the opinion"). In relevant part, the opinion dismissed Sterling's fraud claim for failure to comply with Connecticut's three-year statute of limitations. *Id.*, 130 F.Supp.2d at 515.

More than ten days after that opinion was entered on the docket, Sterling filed the instant motion to reopen the statute of limitations question pursuant to an unenumerated subdivision of Rule 60(b). Specifically, Sterling alleges that almost one month after the opinion was issued, he learned in a conversation with his prior counsel, J. Douglas Richards ("Richards"), that a summons had been filed in the New York Supreme Court, New York County, on April 2, 1996. Although Richards's firm elected not to represent Sterling, Richards had filed the summons so as not to risk the expiration of the statute of limitations while Sterling sought counsel. Sterling hired Bragar Wexler Eagel & Morgenstern, LLP, sometime thereafter. He has submitted an affidavit from himself and from his former attorney attesting to these facts, as well as a copy of the original summons, in support of the motion.

Although the summons was never served, Sterling contends that the filing "commenced" an action under New York law, and therefore tolled the statute of limitations applicable under Connecticut law, and rendered timely the filing of his federal complaint. This cross-jurisdictional thicket need not be explored, because Sterling has failed to meet the procedural requirements to relieve him from the order denying his claim.

■ By its terms, Rule 60(b) applies only to "a final judgment, order, or proceeding." Fed.R.Civ.P. 60(b). As no final judgment dismissing Sterling's fraud claim has yet been entered, the prior opinion is not a "final judgment" that is susceptible to attack via a Rule 60(b) motion. Fed.R.Civ.P. 54(b); *see also Demarco v. Sadiker*, 952 F.Supp. 134, 141 (E.D.N.Y.1996) (opinion granting one de-

fendant's motion to dismiss one claim was not final judgment that could be the subject of Rule 60(b) motion). Nonetheless, the standards of Rule 60(b)(2) should be applied where, as here, "a party seeks to avoid the [law of the case] by reopening factual issues based upon new evidence...." *Morin v. Trupin*, 809 F.Supp. 1081, 1086 (S.D.N.Y.1993) (citation and internal quotations omitted).

■ Rule 60(b)(2) allows the district court to relieve a party from the operation of a final judgment "upon such terms as are just ... for (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Fed.R.Civ.P. 60(b)(2). *See also United States v. International Brotherhood of Teamsters*, 247 F.3d 370, 391 (2d Cir.2001). This rule provides "extraordinary judicial relief" and is granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir.1986); *accord United States v. Bank of N.Y.*, 14 F.3d 756, 759 (2d Cir.1994).

The party moving for relief under Rule 60(b)(2) must meet an "onerous standard." *International Brotherhood of Teamsters*, 247 F.3d at 392. Specifically, in these circumstances, the movant must demonstrate that (1) the newly discovered evidence was of facts that existed that the time of the prior dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching. *Id.* (citation omitted).

Sterling's claim does not meet this test because he has failed to demonstrate either that the summons is "newly discovered evidence" or that it could not have been discovered before the prior opinion was decided through the exercise of due diligence. Evidence is considered "newly discovered" for purposes of Rule 60(b)(2) if it "existed at the time of the prior adjudication but ... was discovered by the movant only after the entry of judgment," *Walker v. Department of Veterans Affairs*, 94 Civ. 5591, 1995 WL 625689, at *1 (S.D.N.Y. Oct. 25, 1995) (citations omitted). Evidence is not "newly discovered" if it was in the moving party's possession prior to the entry of judgment. *See* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2859, at 302–03 (2d ed.1995) (citations omitted).

Pursuant to "Fed.R.Civ.P. 34, which governs the production of documents during discovery, the clear rule is that documents in the possession of a party's *current or former* counsel are deemed to be within that party's 'possession, custody and control.'" *MTB Bank v. Federal Armored Exp., Inc.*, No. 93 Civ. 5594(LBS), 1998 WL 43125, *4 (S.D.N.Y. Feb. 2, 1998) (emphasis in original), *appeal dismissed*, 175 F.3d 283, 287 (2d Cir.1999). Richards had filed the summons on Sterling's behalf and possessed a copy of it at the time the statute of limitations motion was being litigated.[1]

Although Sterling could possibly prevail by showing that the document at issue would not have been turned over upon request, *see MTB Bank*, 1998 WL 43125, at *5, Richards's declaration fails to suggest that Richards would have withheld the summons if asked to produce it. Stephanie W. Kanwit, *Attorneys' Liens: When Can You Retain a Client's Files?*, 79 Ill. B.J. 274, 274 (1991) (noting that "[w]hen a former client requests notes, documents or files, or research accumulated in the course of the attorney-client relationship, the attorney usually cooperates"). On the contrary, Richards notified Sterling of the summons as soon as the subject of the statute of limitations was broached. (Richards Decl. ¶ 4.)

No evidence having been submitted to warrant applying an exception to the general rule that a document held by prior counsel is

---

1. Although neither of the declarations specifies that Richards was in possession of the summons, it is fair to infer that he kept a copy after it was filed. Notably, the summons submitted as Exhibit A to the Richards declaration bears the fax stamp of O'Sullivan, Graev & Karabell. (Richards Decl. Ex. A.) Richards was a member of this law firm when he filed the summons on behalf of Sterling, and has held legal positions in at least two other entities since leaving. (Richards Decl. ¶ 1.)

deemed to be in a client's possession, Sterling has failed to show that the summons is "newly discovered evidence" as required by Rule 60(b)(2). *See Taylor v. Texgas Corp.,* 831 F.2d 255, 259 (11th Cir.1987) (holding that "evidence cannot be 'newly discovered' under Rule 60 if it is in the possession of the moving party or that party's attorney prior to the entry of judgment"); *MNC Commercial Corp. v. Joseph T. Ryerson & Son, Inc.,* No. CIV–86–191E, 1989 WL 158275, *2 (W.D.N.Y. Dec. 18, 1989) (documents "can hardly be called 'newly discovered evidence'" where they could have been timely presented in the exercise of due diligence).

Moreover, Sterling has failed to show that his current attorney would have been unable to discover the summons if he had exercised due diligence in connection with the statute of limitations motion. *See J.M. Bakula v. Defaur Corp.,* No. 92 Civ. 5266(JSM), 1994 WL 18503, *1 (S.D.N.Y. Jan. 18, 1994) (finding that evidence could have been discovered earlier through due diligence, where attorney learned of it only through conversation with party's Argentine counsel while preparing appeal). As the declarations demonstrate, in all likelihood a brief discussion with Richards would have yielded knowledge of the summons for use in the original statute of limitations motion. Apparently, no such action was taken.

Although the result of his attorneys' lapses will weigh most heavily on Sterling, the law holds a client responsible for the conduct of his counsel. *See Pioneer Investment Services Co.,* 507 U.S. 393, 396–98 (1993); *Moon v. United States,* 89 F.3d 829, 1996 WL 342005, *4 (4th Cir.1996) (table) (Norton, J., concurring) (concurring in affirmance of district court's denial of Rule 60(b) motion although "the 'sins' of the Appellants' lawyers have been visited upon the Appellants and have deprived them of their day in court.").

In short, Sterling has failed to meet the requirements of Rule 60(b), and his motion is therefore denied.

It is so ordered.