TRAVELERS CASUALTY & SURETY
COMPANY, Plaintiff,

v.

CROW & SUTTON ASSOCIATES; Pine
Valley Landscape Corp.; Foxcroft Nurs-
eries, Inc.; Ruth H. Sutton; and D.
James Sutton, Defendants.

No. 1:02–CV–463(GLS–RFT).

United States District Court,
N.D. New York.

March 24, 2005.

Lawrence E. Becker, Becker, Becker Law Firm, Albany, NY, for Plaintiff.

Mark V. Connolly, Office of Mark V. Connolly, Avon, CT, for Defendants.

## DECISION AND ORDER

SHARPE, District Judge.

### I. *Introduction*

Pending under Rules 60(b)(2) and 60(b)(3) of the Federal Rules of Civil Procedure is Defendants Crow & Sutton Associates, Pine Valley Landscape Corp., Foxcroft Nurseries, Inc., Ruth Sutton, and D. James Sutton's ("Sutton Defendants" or singular collective "Sutton") motion for relief from this court's entry of summary judgment in favor of Defendant Travelers Casualty & Surety Company's (Travelers) claims against Sutton and dismissing all of Sutton's counter-claims. Sutton further seeks, under Rule 56(f), an order postponing further proceedings and allowing additional discovery. Also before the

court is Travelers' application for attorney's fees and costs in opposing the motion. For the following reasons: (1) Sutton's motion is DENIED and (2) Travelers' application is GRANTED.

## II. *Background*

The facts and claims underlying this case are described in the court's oral Decision and Order of August 26, 2004, *Dkt. Nos. 72, 73, 89,* familiarity with which is assumed here. The procedural developments are summarized as follows. Travelers commenced this suit on March 29, 2002. The original discovery and motion filing deadlines of March 1 and June 1, 2003, were extended several times and finally re-set to June 20 and November 14, 2003, respectively.

On March 15, 2004, the case was reassigned to this court. On May 5, the court scheduled the case for oral argument on August 5. On June 25, counsel for Sutton indicated his intent to withdraw due to a claim of conflict of interest by Travelers. On July 1, counsel notified the court of his withdrawal, and filed an executed consent to change attorney. The court was informed that Sutton's new counsel was prepared to proceed with oral argument and would not seek any extensions. On July 6, the court re-scheduled the oral argument to August 26. Successor counsel filed his appearance on August 23, following the processing of his admission to this District.

Also on August 23, three days before oral argument, successor counsel submitted a facsimile request that the court expand the summary judgment record and consider a supplemental Sutton affidavit and late discovered evidence. This evidence consisted of a Loss and Unearned Premium Reserve Portfolio Reinsurance Agreement (RPRA) and a Quota Share Reinsurance Agreement (QSRA) between Reliance Insurance Company and Travelers, as well as correspondence between Reliance and the Connecticut Department of Insurance. On August 25, 2004,

counsel for Travelers hand-delivered copies of an Asset Transfer Agreement (ATA) and Administrative Services Agreement (ASA) between Reliance and Travelers, which Sutton had purportedly requested during recent discussions. On August 26, 2004, the court issued an oral decision and order granting Travelers' motion and dismissing Sutton's counter-claims. Sutton appealed on September 28.

Sutton filed the instant motion to "Reopen Judgment, Deny Summary Judgment, [and] Permit Discovery" on December 13, 2004.[1] In support, Sutton again submitted, as newly discovered evidence, the ATA, ASA, RPRA, and QSRA. In addition, Sutton submitted copies of Bill of Sale and a General Assignment and Assumption Agreement (GAAA), together with a Schedule 1.1(k) to the ATA. Upon receipt of the parties' opposition and reply papers,[2] the court considered this case on the submissions.

## III. *Discussion*

### A. *Jurisdiction*

■■■ "[A] Rule 60(b) motion can be made even though an appeal has been taken and is pending." *King v. First Am. Investigations, Inc.,* 287 F.3d 91, 94 (2d Cir.2002) (internal quotation marks, citation omitted). In the Second Circuit, a district court can either " 'entertain and *deny* the rule 60(b) motion' without the circuit court's permission, or '*grant* a rule 60(b) motion after an appeal is taken ... if the moving party obtains permission from the circuit court.' " *Id.* (quoting *Toliver v. County of Sullivan,* 957 F.2d 47, 49 (2d Cir.1992)).

### B. *Rule 60(b) Motions*

■■■ Rule 60(b) provides, in relevant part, that "the court may relieve a party ... from a final judgment, order or proceeding for ... reasons [of]: ... (2) newly discovered evidence which by due diligence could not have been discovered in time ... [or] (3)

---

1. It appears that on December 15, 2004, Sutton filed a motion with the Second Circuit to hold the appeal in abeyance pending decision on the subject 60(b) motion. It further appears that by Order dated January 3, 2005, the Second Circuit granted Sutton's motion, setting a 120-day deadline for this court's disposition. However, the parties neglected to inform the court of this deadline.

2. Several other exhibits and affidavits by the parties are not specifically listed here.

fraud ... misrepresentation, or other misconduct of an adverse party ...." Fed. R.Civ.P. 60(b). A Rule 60(b) motion "shall be made within a reasonable time, and for reasons ... (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." *Id.* Rule 60(b) "allows extraordinary judicial relief." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) (citation omitted). "A [Rule 60(b)] motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir.2001). The court must balance a party's interest in pursuing the merits of its claims against society's interest in finality. *See Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir.1987). Rule 60(b) is properly used to achieve "substantial justice ... yet final judgments should not be lightly reopened." *Nemaizer*, 793 F.2d at 61. "An argument based on hindsight regarding how the movant would have preferred to have argued its case does not provide grounds for Rule 60(b) relief ... nor does the failure to marshal all known facts in opposition to a summary judgment motion[.]" *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1147 (2d Cir.1994) (citations omitted). Thus, a party may not use Rule 60(b) to relitigate the merits of his claim. *See Fleming v. N.Y. Univ.*, 865 F.2d 478, 484 (2d Cir.1989); *Mastini v. Am. Tel. & Tel. Co.*, 369 F.2d 378, 379 (2d Cir.1966). The decision whether to grant a motion to vacate is within the "sound discretion" of the district court. *Nemaizer*, 793 F.2d at 61. The party seeking relief has the burden of proof. *Teamsters*, 247 F.3d at 391.

In this case, Sutton essentially attempts to revisit the court's determination that Travelers had acquired the surety business of Reliance in May 2000 as the basis for Travelers' enforcement of its indemnification rights. Sutton submits that the claimed newly-discovered evidence now shows that Travelers: (1) did not receive a valid assignment of Sutton's indemnity contracts; and (2) did not

have the unfettered right to ignore the provisions of underlying bonds and to resort directly to the indemnity contracts. Additionally, he attempts to assign error to this court for failing to mention that Reliance had already denied certain bond claims before Travelers decided to pay them. Similarly, he accuses the court of not even looking at the evidence submitted immediately before the summary judgment hearing. In this regard, Sutton faults the court for failing to consider that Reliance and Travelers had entered into a reinsurance transaction obligating Travelers to act as reinsurer and administrator for Reliance.

Sutton raises the same arguments as those submitted to the court shortly before the summary judgment hearing. Because the court has already considered them, it will not revisit its factual determination on those grounds. Sutton's refusal to accept the court's disposition and his claims of error are not valid grounds under Rules 60(b)(2) and 60(b)(3). The court's finding that Travelers had acquired Reliance's surety business was amply supported by the summary judgment record, by the facts conceded by Sutton in his Local Rule 7.1 response, as well as by the late-produced documents (and specifically the ATA). Similarly, the facts underlying Travelers' actions in administering claims under the subject bonds leading to its recourse to indemnification rights have been discussed in the court's decision.

Moreover, Sutton's claims of error by this court are frivolous and misrepresent the record. Sutton's contention that the court failed to mention that Reliance had initially denied the claim by Winding Brook is wholly baseless. That fact was explicitly considered by the court in its factual recitation. *Tr. 10, Dkt. 73*. The absence of findings by the court that bond claims by Wilcox Trucking and the MPTN had been initially denied by Reliance is due to Sutton's failure to include these facts as relevant in his Local Rule 7.1 response,[3] not a purported omission by the court.[4] Counsel's assertions to that effect

---

3. *Dkt. No. 45.* Similarly, these facts appear nowhere in Sutton's summary judgment affidavit. *See Dkt. No. 42.*

4. Moreover, the court did consider that Travelers had, at one point, contested the MPTN's claim on grounds submitted by Sutton. *Tr. 19, Dkt. No. 73.*

during oral argument, unsupported by the record, do not constitute proper facts for the court's consideration. As explained below, Sutton's Rule 60(b) arguments have no merit and fail for the following reasons.

### 1. Newly Discovered Evidence under Rule 60(b)(2)

■ Rule 60(b)(2) contemplates *"newly discovered* evidence which by due diligence could not have been discovered in time" for the disposition at issue. Fed.R.Civ.P. 60(b)(2) (emphasis added). The movant must meet an "onerous standard" by showing that: (1) the newly discovered evidence was of facts in existence at the time of the dispositive proceeding; (2) he was justifiably ignorant of those facts despite due diligence; (3) the evidence is admissible and of such importance that it probably would have changed the outcome; and (4) the evidence is not merely cumulative or impeaching. *Teamsters,* 247 F.3d at 392 (citation omitted). Moreover, the newly discovered evidence must be "highly convincing." *Kotlicky,* 817 F.2d at 9. Sutton has failed to meet this standard.

■ Sutton's 60(b)(2) argument is premised, in part, on a misleading assertion. He maintains that "it does not appear that the [c]ourt ever looked" at the late-submitted documents and therefore, he surmises, the court "failed to address whether the Assignment of Indemnity Rights claimed by Travelers was limited in any way by the definitions, schedules and terms" therein. Contrary to Sutton's claim, the ATA, ASA, RPRA, QSRA are simply not *newly discovered* evidence. "Evidence is considered newly discovered for purposes of Rule 60(b)(2) if it existed at the time of the prior adjudication but ... was discovered by the movant only after the entry of judgment ... Evidence is not newly discovered if it was in the moving party's possession prior to the entry of judgment." *Johnson v. Askin Capital Mgmt., L.P.,* 202 F.R.D. 112, 114 (S.D.N.Y.2001) (internal quotation marks, citations omitted). Here, albeit submitted at the last possible moment, the above documents were not only in Sutton's possession, but were also considered by the court in rendering its decision on summary judgment. *See Tr. 47, Dkt. 89.*

■ Similarly, even if Sutton had submitted these documents for the first time here, he would still fail to satisfy Rule 60(b)(2), since he has failed to establish that he was justifiably ignorant of the existence of this evidence despite the exercise of due diligence. In an affidavit submitted August 23, 2004,[5] Sutton claimed that Travelers had never produced the ATA cited in paragraph 2 of its Complaint to support the allegation that it had acquired Reliance's surety and fidelity business. *August 20, 2004 Aff. of D. James Sutton (Aug.2004 Sutton Aff.)* ¶¶ 3, 4, Dkt. No. 64. According to Sutton, the Assignment of Indemnity Rights (AIR), a document produced by Travelers during discovery and relied upon in its motion, identified the ATA, as well as other Ancillary Agreements, which were similarly never produced. *Id.* ¶ 5. Sutton asserted that "[i]n the Fall of 2003, [he] began investigating other sources to try to find other key documents concerning the assignment of rights as between Reliance and Travelers ...." *Id.* ¶ 7. He asserted that (at some unspecified time) several months after the filing of his summary judgment affidavit in October 2003, he was granted FOIA access to the Connecticut insurance department's files, where he discovered "several key documents [he] believe[d] material" to the summary judgment motion. *Id.* ¶¶ 8, 9.

Sutton claimed that after much independent research on his part and upon extended discussions with successor counsel, it was clear that, *inter alia,* the deal between Travelers and Reliance was not a simple acquisition but instead a complex series of reinsurance agreements; and the AIR relied on by Travelers was but one of many interconnected agreements, including the ASA, which were never produced. *Id.* ¶ 10. Therefore, Sutton argued, these documents showed that Travelers did not have unfettered assignment and indemnity rights over the subject bonds, but was instead acting as an adminis-

---

**5.** Sutton's present affidavit refers to that affidavit's description of the steps taken in obtaining the documents. *See December 8, 2004 Aff. of D.*

*James Sutton (Dec.2004 Sutton Aff.)* ¶ 3, Dkt. No. 81.

trator and reinsurer for Reliance. *Id.* ¶ *11.* According to Sutton, this was particularly relevant because Travelers was pursuing claims that had initially been denied by Reliance. Moreover, because Travelers had not followed its administrating obligations, it had "never perfected any potential rights of indemnification." *Id.* ¶¶ *12, 13.* The missing ATA, together with the ASA, were supplied by counsel for Travelers one day before the hearing.

During oral argument, counsel for Sutton stated that Travelers' right to bring its case under the assignment (i.e. the AIR) was limited to "reinsured contracts," and asserted that the documents produced did not contain a definition of that term. He further theorized that those contracts could appear on a missing Schedule 1.1(k) as assumed reinsurance transactions, and that, most importantly, nothing in the record before the court sufficiently identified Sutton's contracts with the requisite identifying prefix B, P, or U. *Tr. 50–52, Dkt. No. 89.* Sutton raises similar arguments in his present motion.

Sutton was not "justifiably ignorant" of the existence of this evidence. As his August 2004 affidavit makes plain, he was on notice of the potential basis for Travelers' claimed rights and of the existence of the ATA (and related documents) from the face of Travelers' complaint and from the references thereto in the AIR. Similarly, Sutton has failed to establish that he exercised due diligence in attempting to obtain those documents. His argument that he sought this evidence on his own because discovery and motion filing deadlines had closed is woefully unpersuasive. It may well be that he spent considerable time investigating the issue, and that it took him several FOIA requests to obtain this evidence. However, he did nothing to avail himself of the enforcement mechanisms contemplated by the Federal Rules of Civil Procedure and this District's Local Rules, or

of this court's assistance in obtaining this evidence. Despite Travelers' failure to produce the records in response to Sutton's broad production requests, the record before the court is devoid of any indication that Sutton attempted to obtain these specific documents *directly* from Travelers (prior to successor counsel's requesting them shortly before the hearing).[6] Similarly, he never filed any motions to compel production from, or for sanctions against, Travelers for its failure to do so. *See* Fed.R.Civ.P. 16(f), 34(b), 37; L.R. 7.1(d), 16.2.

Sutton has also failed to establish that this evidence would have probably changed the outcome in this case. The result of the court's review of those documents is reflected in its determination that Travelers had acquired Reliance's surety business. The ATA was premised on Reliance's desire to sell its "Business" to Travelers. *ATA at 1, Dkt. 67.* That "Business" was comprised of "Subject Contracts," *Id. § 1.1 at 4,* defined in relevant part as "(a) bonds, policies, and contracts of insurance classified as surety ... underwritten by the Reliance Surety Profit Center [7] which can be identified exclusively by the codes or policy prefixes 'B,' 'P,' or 'U' ...." [8] *Id. § 1.1 at 12.* The record before the court unequivocally showed that Reliance had issued the bonds in question, and that each bond bore the prefix "B," thus squarely falling within that definition.

Nevertheless, Sutton contends that his bonds fall within another definition of "Subject Contracts," which reads: "(b) assumed reinsurance transactions set forth in Schedule 1.1(k), which reinsure bonds, policies, and contracts of insurance classified as ... surety, each of which has been identified exclusively by the codes or policy prefixes 'B,' 'P,' or 'U' ...." *Id.* Sutton has now submitted Schedule 1.1(k), which purportedly does not list the Reliance bonds issued on behalf of

---

**6.** In a recent letter to Sutton's current attorney, former counsel indicates that the AIR produced by Travelers appeared to be a complete document assigning Reliance's indemnity rights to Travelers and that he did not seek any further discovery or motion practice with respect to the assignment of indemnity rights issue. *See James Barriere February 2, 2005 Letter, Ex. 1, Dkt. No. 92.*

**7.** Sutton's argument that the absence of proof that the subject bonds were issued by a "surety profit center" as defined in a missing ATA schedule is unpersuasive.

**8.** Identical language defined "Reinsured Contracts" in section 1.19 of the RPRA. *Dkt. No. 64.*

the Sutton Defendants. Therefore, Sutton argues, these bonds were not part of the business transferred to Travelers by Reliance. However, a fair reading of the ATA and a review of the 1.1(k) list show that his point is without merit. The listed contracts represent bonds originally issued by various named third parties which were subsequently acquired by Reliance. In Sutton's case, the bonds were undisputedly issued by Reliance, and therefore could not fall into the latter category.

The additional documents submitted by Sutton also fail to satisfy the applicable standard. The Bill of Sale and the GAAA contain information and definitions similar to those found in the ATA, and are cumulative. Moreover, their language clearly supports the conclusion that the transaction between Reliance and Travelers was intended as a sale and transfer of Reliance's surety business. Finally, the NYS Insurance Department letters found in Sutton's reply papers postdate the summary judgment hearing and do not constitute newly discovered evidence (to the extent they are submitted as such). The court has also considered Sutton's contention (and multiple theories derived therefrom) that the Reliance–Travelers transaction was not a transfer of Reliance's surety business and finds them without merit.[9]

Based on the above, Sutton's claims are largely based on arguments and evidence already submitted to and considered by the court. The purported factual predicate of his argument seriously misrepresents the record and is, at best, frivolous. Similarly, Sutton

has failed to establish that this evidence could not have been discovered with due diligence and that it "probably would have changed the outcome" of the case. *See Teamsters*, 247 F.3d at 392. Therefore, Sutton has failed to meet his burden and his motion under Rule 60(b)(2) is denied.

*2. Fraud, Misrepresentation or Misconduct under Rule 60(b)(3)*

 Sutton also argues that the court should vacate its judgment under Rule 60(b)(3) based on Travelers' failure to fully disclose the subject documents. He claims that Travelers' actions deprived him of the opportunity to analyze the nature of the Reliance–Travelers transaction in both defending and prosecuting this case, and that Travelers has subverted the discovery process.[10] A court may grant relief under Rule 60(b)(3) in case of "fraud … misrepresentation, or other misconduct of an adverse party." Rule 60(b)(3) is "invoked where material information has been withheld or incorrect or perjured evidence has been intentionally supplied." *Matter of Emergency Beacon Corp.*, 666 F.2d 754, 759 (2d Cir.1981). The movant must demonstrate by clear and convincing evidence that the opponent's misconduct substantially interfered with his ability to fully and fairly prepare his case and defend the motion. *See Fleming*, 865 F.2d at 484.

 Here, Sutton submits that Travelers failed to disclose the ATA and other documents in response to his general, broadly-worded document requests and in-

9. Sutton's arguments here fail *ab initio*, as they are based on flawed reasoning. On the one hand, Sutton claims that Travelers did not acquire the subject bonds under the ATA. On the other, he claims that under the RPRA and QSRA, which supplement the ATA, Travelers had an obligation to act as reinsurer and administrator on those bonds. Sutton's rationale is based on two irreconcilable alternatives whereby Travelers would have certain obligations under agreements that do not even include (according to him) the bonds issued on behalf of the Sutton Defendants. Moreover, upon review, the RPRA and QSRA terms are tangential to and do not modify the substance of the ATA between Reliance and Travelers as a sale of Reliance's surety business.

10. Sutton appears to suggest that Travelers' actions have also deprived the court of the opportu-

nity to assess the significance of these documents. Sutton's arguments do not bring this case under Rule 60(b)'s "savings clause," which provides that a party can seek to "set aside a judgment for fraud upon the court." First, this requires the institution of a separate action. *See* Fed.R.Civ.P. 60(b). Moreover, as the Second Circuit has explained, "'fraud upon the court' as distinguished from fraud on an adverse party is limited to fraud which seriously affects the integrity of the normal process of adjudication." *Gleason v. Jandrucko*, 860 F.2d 556, 559 (2d Cir.1988) (citation omitted). This concept "involves 'far more than an injury to a single litigant' because it threatens the very integrity of the judiciary and the proper administration of justice." *Id.* (citation omitted). Here, Sutton has not established the requisite level of misconduct.

terrogatories. He also contends that Travelers misrepresented the true nature of its relationship with Reliance, and that its representatives never alluded to its true role as reinsurer. These contentions do not suffice. It is true that in certain circumstances, the failure to produce documents requested in discovery can constitute "misconduct" contemplated by Rule 60(b)(3). *See Catskill Dev., L.L.C. v. Park Place Entm't Corp.,* 286 F.Supp.2d 309, 314–15 (S.D.N.Y.2003) (citations omitted). However, Travelers' conduct in this case does not amount to such conduct. The chronology of Sutton's independent investigation, as well as his failure to request the records directly from Travelers has been described and need not be repeated here. While Travelers did not produce the materials, it is telling and troubling that Sutton did nothing to ensure that this evidence was produced. It is also apparent that the existence of these documents did not become important enough to be brought to the court's attention until after Sutton retained new counsel. This is not a case where a party actively attempted to prevent the opponent from gaining access to important evidence. To the contrary, the existence of the documents was asserted and prominently displayed, and Sutton could have easily obtained it. In light of Sutton's failure to take any reasonable steps to obtain this evidence, Travelers' failure to produce it does cannot constitute the conduct requisite under Rule 60. A contrary conclusion would in essence ratify Sutton's own unjustified inaction, and would validate what was in this case a last-minute change in litigation strategy re-characterized as a charge of misconduct by an opponent. Such a resolution is unwarranted here.

Sutton has failed to show that Travelers' conduct warrants the extraordinary relief provided by Rule 60(b)(3). His sole reliance on Travelers' failure to produce the ATA and remaining documents is insufficient to show that Travelers improperly withheld evidence or that it substantially interfered with his ability to defend the motion for summary judgment. The evidence he presents falls significantly short of the requisite "clear and convincing" standard. Therefore, his motion under Rule 60(b)(3) is denied. The court does not reach the merits and denies as moot Sutton's Rule 56(f) motion to allow further discovery.

### C. *Application for Attorney's Fees*

Travelers seeks, unopposed, recovery of its attorney's fees and costs under the underlying indemnity agreement. Based on the terms of the indemnity agreement outlined in the court's summary judgment decision, and because Travelers' opposition to this motion is directly connected to the enforcement of its rights under that agreement, the application for fees is granted.[11] Travelers is ordered to file its supporting documentation and a proposed order within 14 days from the date of this decision and order. Sutton's objections, if any, must be filed within 14 days of Travelers' filing.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that Sutton's motion is **DENIED**; it is further

**ORDERED** that Travelers' application for fees and costs is **GRANTED**; it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties; and it is further

**ORDERED** that the Clerk provide a copy of this Decision and Order to the Court of Appeals.

**IT IS SO ORDERED.**

---

11. Because the court does not reach Sutton's Rule 56 motion, it does not address Travelers' alternative request for fees under Rule 11.