**BFI GROUP DIVINO CORP.,**
Plaintiff–Appellant,

v.

**JSC RUSSIAN ALUMINUM, JSC Bratsk Aluminum Plant, Rusal America Corp., Dayson Holding Ltd., and Does 1–20, Defendants–Appellees.**

Nos. 07–1804–cv(L), 07–0233–cv(CON).

United States Court of Appeals, Second Circuit.

Nov. 4, 2008.

Jimmie L. Williams, Burnham Brown, Oakland, CA, for Plaintiff–Appellant.

Randy M. Mastro, (Marshall R. King, on the brief), Gibson, Dunn & Crutcher LLP, New York, NY, for Defendants–Appellees.

Present RICHARD C. WESLEY, PETER W. HALL, Circuit Judges, LOUIS F. OBERDORFER,[1] District Judge.

### SUMMARY ORDER

In this consolidated action, BFI Group Divino Corporation ("BFI") appeals: (1) the dismissal on the grounds of *forum non conveniens* by the United States District Court for the Southern District of New York (Connor, *J.*) of BFI's suit against JCS Russian Aluminum, JSC BRATSK Aluminum Plant, Rusal America Corporation, Dayson Holdings Ltd., and Does 1–20 (collectively, "RUSAL") for tortious interference, unfair competition, and conspiracy to commit fraud claims; and (2) denial by the same court of BFI's motion for relief from judgment on account of purportedly newly discovered evidence pursuant to Fed.R.Civ.P. 60(b). We hold the district court did not abuse its discretion in dismissing BFI's suits under the doctrine of *forum non conveniens* and denying BFI's motion for relief from its dismissal. Accordingly, we affirm.

### Facts & Background

BFI, a California corporation, in response to public and private solicitation by the Nigerian government in the United States, placed a bid for purchase of the Aluminum Smelter Company of Nigeria ("ALSCON"), a Nigerian government-owned company. RUSAL, a Russian corporation, also placed a bid for ALSCON. In compliance with the terms of the auction, BFI wired a pre-qualification fee of $15,000 to a Nigerian government account at Citibank, N.A., in New York and agreed to submit a $1 million bid bond which would be payable through the same New York-based bank. Thereafter, the Nigerian Bureau of Public Enterprises ("BPE"), the government entity overseeing the sale of ALSCON, wrote BFI declaring it the bid winner at a price of $410 million and instructing that BFI pay 10% of the bid price within 15 working days and the full

---

1. The Honorable Louis F. Oberdorfer, United States District Court for the District of Columbia, sitting by designation.

amount within 90 working days of signing the purchase agreement. BFI claimed these payment conditions violated the terms of the auction and constituted a breach of contract and refused to sign the purchase agreement or make its initial payment. In response, BPE informed BFI that its failure to sign the purchase agreement within 15 days of BPE accepting BFI's bid disqualified BFI from the bidding process. Thereafter, the President of Nigeria instructed the Nigerian National Council of Privatization ("NCP"), the entity charged with overseeing privatization of Nigeria's public entities, to begin negotiations with RUSAL.

BFI then filed suit against the BPE in the Federal High Court of Nigeria, Abuja Judicial Division, alleging breach of contract and demanding specific performance of the contract. The court held there was no valid contract because BFI had failed to meet the express condition of timely payment and dismissed the claim. BFI appealed to the Court of Appeal of Nigeria, which affirmed the trial court. BFI has appealed the decision to the Nigerian Supreme Court and decision on that appeal is pending.

BFI also brought suit in the United States District Court for the Southern District of New York (Connor, J.) against RUSAL alleging RUSAL committed tortious interference with BFI's contract with BPE and with BFI's prospective business advantage, engaged in unfair competition, and conspired with BPE to commit fraud. Specifically, BFI alleged that RUSAL continued to negotiate with BPE after it had been disqualified in the bidding process for submitting a conditional bid, RUSAL attempted to damage BFI's reputation, and the president of Nigeria directed that "RUSAL take up ALSCON" when BFI was declared the highest bidder. RUSAL moved to dismiss under Fed.R.Civ.P. 12(b)(6) on several grounds including jurisdiction and *forum non conveniens*. The district court granted the motion and dismissed the suit for *forum non conveniens*, choosing not to address the jurisdictional argument pursuant to *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007).

The district court held that Nigeria was a more convenient forum for the action provided RUSAL submit to the jurisdiction in Nigeria and waive any statutes of limitation. It first determined that Nigeria was an adequate alternative forum based on the fact that: (1) defendants agreed to be subject to service of process in Nigeria and submit to the jurisdiction of the Nigerian courts; (2) there were comparable causes of action under Nigerian law covering the subject matter at issue; and (3) it was unpersuaded by BFI's claim that suit in Nigeria would be futile due to corruption in the courts and would endanger BFI's representatives due to purported violence. In accordance with *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), the court balanced the public interest and private factors and determined that almost all factors favored dismissal. The court found that, although the district had the resources to handle complex litigation, the district had little connection to the litigation, the principal impact of the litigation would be on citizens of Nigeria, almost all of the nonparty witnesses and evidence were located in Nigeria, and a Nigerian court would be more able to exercise jurisdiction over Russian defendants than the district court because RUSAL had a direct presence in Nigeria whereas in New York there was only a subsidiary of RUSAL. The court rejected BFI's argument that foreign witnesses who were unreachable by the district court's subpoena power could be deposed and those depositions could be submitted in lieu of live testimony. BFI appeals the dismissal to this Court.

Subsequent to appeal, BFI moved in the district court pursuant to Fed.R.Civ.P. 60(b)(2) and (6) claiming it had new evidence that warranted relief from its dismissal. Namely, it offered an affidavit from a former RUSAL employee stating he would be unwilling to appear in Nigeria and attesting to the kidnaping of six RUSAL employees in Nigeria. The district court denied the motion on the grounds that it considered the evidence to be cumulative and not new, the evidence would not have affected the outcome of the first case because the unavailability of one witness did not outweigh the other *Gilbert* factors, and the alleged kidnapings took place 500 miles from where the trial would take place. BFI appeals to this Court the district court's denial of its motion under Rule 60(b)(2). The two appeals have been consolidated.

Familiarity by the parties is assumed as to all other facts, procedural context, and specification of appellate issues.

### Analysis

This Court reviews a motion to dismiss on the grounds of *forum non conveniens* for abuse of discretion. *Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 70 (2d Cir.2003). Although this review is extremely limited, *see Capital Currency Exch. v. National Westminster Bank PLC*, 155 F.3d 603, 609 (2d Cir.1998), this Court will consider discretion abused "when a decision (1) rests either on an error of law or on a clearly erroneous finding of fact, or (2) cannot be located within the range of permissible decisions, or (3) fails to consider all the relevant factors or unreasonably balances those factors." *Pollux Holding*, 329 F.3d at 70 (citation omitted). The

district court did not abuse its discretion in dismissing BFI's suit in favor of suit in Nigeria under the doctrine of *forum non conveniens.*

*Forum non conveniens* is a common-law doctrine retained by courts to dismiss a case where that case would be more appropriately brought in a foreign court. *See Sinochem Int'l Co., Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007). Determining whether to dismiss for *forum non conveniens*, courts consider: (1) the degree of deference afforded to plaintiff's choice of forum; (2) whether the alternative forum is adequate; and (3) the balance of the public and private interests at implicated in the choice of forum. *Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 153 (2d Cir.2005); *see also Sinochem Int'l*, 549 U.S. 422, 127 S.Ct. 1184, 167 L.Ed.2d 15.

### Deference to BFI's Choice of Forum

The district court did not abuse its discretion in its assessment of the deference afforded BFI's choice of forum. Courts should give deference to a plaintiff's choice of forum, but that deference "varies with the circumstances." *Iragorri v. United Technologies Corp.*, 274 F.3d 65, 71 (2d Cir.2001). A district court deciding whether to defer to plaintiff's choice should consider factors such as: (1) whether the plaintiff is a U.S. citizen [2]; (2) convenience to the plaintiff; (3) availability of witnesses; (4) defendant's amenability to suit; (5) availability of appropriate legal assistance; (6) evidence of forum shopping to be subject to favorable law, "the habitual generosity of juries in the United States, [and] the plaintiff's popularity or the defendant's unpopularity in the region." *See id.* at 72.

---

**2.** The fact that a plaintiff is not a resident of the district in which he seeks to sue is not irrelevant, but plaintiff should not be penalized for suing outside their home district. *See*

*Iragorri*, 274 F.3d at 73, 74; *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 n. 23, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981).

■ In this case, the district court weighed BFI's U.S. citizenship against the fact that BFI had chosen to invest in Nigeria. These factors were appropriate to consider and therefore the district court did not abuse its discretion in determining that BFI's choice of forum was not entitled to significant deference.

*Adequacy of the Alternative Forum*

To demonstrate the existence of an adequate alternative forum and meet the first requirement, a defendant must show: (1) the defendants are subject to service of process in the foreign forum; (2) the foreign forum permits litigation of the subject matter in dispute; *Bank of Credit & Commerce Int'l (OVERSEAS) Ltd. v. State Bank of Pakistan,* 273 F.3d 241, 246 (2d Cir.2001), and (3) there are no other considerations making the foreign forum unsatisfactory, *see DiRienzo v. Philip Servs. Corp.,* 232 F.3d 49, 57 (2d Cir.2000). "An agreement by the defendant to submit to the jurisdiction of the foreign forum can generally satisfy this requirement," and only on rare occasions will the "alternative forum ... be so unsatisfactory that the forum is inadequate." *DiRienzo,* 232 F.3d at 57.

Where a plaintiff rebuts the defendant's claim of adequacy of the forum with charges that the foreign judicial process is biased or corrupt, this Court and our district courts are reluctant to agree. *In re Arbitration between Monegasque De Reassurances S.A.M. v. Nak Naftogaz of Ukraine,* 311 F.3d 488, 499 (2d Cir.2002) (hereinafter *Monegasque)* (affirming dismissal on *forum non conveniens* grounds despite claims by plaintiff-appellant that forum was inadequate because of "general corruption in the body politic" and state ownership of assets involved in the litiga-

tion). "[W]e have repeatedly emphasized that it is not the business of our courts to assume the responsibility for supervising the integrity of the judicial system of another sovereign nation." *Blanco v. Banco Indus. de Venezuela, S.A.,* 997 F.2d 974, 982 (2d Cir.1993) (affirming dismissal based on *forum non conveniens* despite contentions by intervenor of "systemic corruption, delay and expense in the Venezuelan justice system, as well as political instability in that country"). *But cf. Rasoulzadeh v. Associated Press,* 574 F.Supp. 854, 861 (S.D.N.Y.1983), *aff'd* 767 F.2d 908 (2d Cir.1985) (mem.) (holding inadequate alternative forum because the court believed that plaintiffs would not "obtain justice at the hands of the courts administered by Iranian mullahs" and "would probably be shot" if they returned to Iran). Furthermore, this Court will not presume judicial bias against the plaintiff when the defendant is a state-owned entity. *See Monegasque,* 311 F.3d at 499 ("It is hardly unusual, considering the number of state-owned business entities throughout the world, for a finding of forum non conveniens to be made in favor of the forum of a state whose entity is a party litigant."); *Blanco,* 997 F.2d at 981.

■ The district court did not abuse its discretion in determining that Nigeria was an adequate forum for BFI to litigate its claims against RUSAL. It first determined that all defendants agreed to submit to Nigerian service of process and jurisdiction and that according to both BFI and RUSAL's Nigerian legal experts the Nigerian courts would exercise jurisdiction over the dispute. The district court found that Nigeria had causes of action analogous to those in California for tortious interference with contract and businesses advantage as well as conspiracy to commit fraud.[3] While the district court found no

---

3. We, as the district court, make no decision

on whether California would apply were this

cause of action analogous to unfair competition, it correctly noted that "the availability of an adequate alternative forum does not depend on the existence of the identical cause of action in the other forum, nor on identical remedies." *Norex Petroleum*, 416 F.3d at 158 (internal quotation marks and alternations omitted). Finally, the court considered and rejected BFI's arguments that Nigerian courts were biased based on the dismissal of their claim against BPE in Nigerian court and that Nigeria would be a dangerous place for BFI to litigate its dispute. The district court refused to opine on the wisdom of the Nigerian court's dismissal of BFI's suit and noted that this argument was unpersuasive given BFI's desire to engage in a multi-million dollar operation in Nigeria. Similarly, BFI's willingness to conduct business in Nigeria was directly relevant to its alleged concern for the safety of its employees and others involved in this litigation, as both things require the presence of BFI employees and agents in Nigeria. We find the district court did not abuse its discretion in drawing these conclusions.

*Public and Private Factors*

■ The district court did not abuse its discretion in determining that almost all public and private factors weighed in favor of dismissal. Courts consider a number of public and private factors in the *forum non conveniens* calculus. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) Private interests to the litigants include: (1) "the relative ease of access to sources of proof; [ (2) ] availability of compulsory process [to compel] attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; [ (3) the] possibility of view of premises, if view would be appropriate to the action;" (4) "the enforceability of a judgment if one

is obtained"; and (5) "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* at 508, 67 S.Ct. 839. The public interests the court considers include: (1) "[a]dministrative difficulties" inherent in bringing a case in a congested docket; (2) imposing jury duty on citizens who have "no relation to the litigation"; (3) "holding the trial in [the] view and reach" of the citizens whom the trial might affect; (4) "local interest in having localized controversies decided at home"; and (5) avoiding requiring that "a court in some other forum untangle problems in conflict of laws, and in law foreign to itself." *Id.* at 508–09, 67 S.Ct. 839.

Here the district court properly considered both private and public factors and determined that the existence of many of the witnesses and evidence in Nigeria and the minimal connection or interest the district and its citizens had to the case as compared with the interest Nigeria would have in the outcome of the case favored dismissal. *See Aguinda v. Texaco*, 303 F.3d 470, 479 (2d Cir.2002). The district court found that the only factor that might favor the district was the district's ability to handle complex litigation. The district court did not abuse its discretion in its analysis and accordingly we affirm the court's dismissal on the basis of *forum non conveniens*.

*Denial of Relief from Judgment*

The district court also did not abuse its discretion in denying BFI's motion for relief from judgment under Fed.R.Civ.P. 60(b)(2) and (6). "A denial of a motion to vacate a judgment under Rule 60(b) is reviewed for abuse of discretion." *Ruotolo v. City of New York*, 514 F.3d 184, 190–91 (2d Cir.2008).

■ Under Rule 60(b) a court may grant relief from judgment under certain

case to proceed on the merits. Suffice it to say, we find the district court did not abuse its

discretion in comparing Californian and Nigerian law for *forum non conveniens* analysis.

conditions. BFI sought relief from judgment based on newly discovered evidence, Fed.R.Civ.P. 60(b)(2), and in the alternative claiming that its evidence justified relief, Fed.R.Civ.P. 60(6). BFI presented as new evidence warranting Rule 60(b) relief a letter from a former employee of RUSAL stating he would not testify in Nigeria and stating that several RUSAL employees had been kidnapped in Nigeria. The district court considered and rejected BFI's argument, deeming the evidence as neither new nor cumulative, and not outweighing the factors favoring suit in Nigeria. We find no abuse of discretion in the district court's assessment of the evidence and affirm the denial of the motion for relief from judgment.[4]

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.

---

4. In response to RUSAL's contention that the district court would have lacked jurisdiction to grant to Rule 60(b) motion while an appeal was pending in this Court, we note the district court did have jurisdiction to deny the motion. *See Toliver v. County of Sullivan,* 957 F.2d 47, 49 (2d Cir.1992).

