Koch et al v. Pechota

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 7th day of January, two thousand fifteen.

Present:     ROSEMARY S. POOLER,
             GERARD E. LYNCH,
             CHRISTOPHER F. DRONEY,
                  *Circuit Judges*.
_____

VLADIMIRA KOCH, AKA Vladka Koch,
EUROPA DOCU-SEARCH, INC., EUROVID, INC.,
EUROVID FKK, HELIOS NATURA,
EUROPA DOCU-SEARCH, s.r.o, EUROVIDFKK, s.r.o.,


                       *Plaintiffs-Appellants*,


            v.                                          13-4793-cv


VRATISLAV PECHOTA, individually, attorney,
LAW OFFICE OF VRATISLAV PECHOTA, JR., ESQ.[1],


                       *Defendants-Appellees*.
_____


Appearing for Appellant:      Jaromir Kovarik, KTHL Law Offices, P.C., (Andrew L. Bluestone, New York, N.Y., *on the brief*), Lebanon, PA.

Appearing for Appellee:       William D. Buckley, Garbarini & Scher, P.C. (Gregg D. Weinstock, *on the brief*), New York, N.Y.

_____

[1] The Clerk of the Court is directed to amend the caption as above.

Appeal from the United States District Court for the Southern District of New York (Sweet, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Vladimira Koch, AKA Vladka Koch, Europa Docu-Search, Inc., Eurovid FKK, Helios Natura, Europa Docu-Search, s.r.o., Eurovidfkk, s.r.o. appeal from the November 21, 2013 judgment of the United States District Court for the Southern District of New York (Sweet, *J.*) dismissing their complaint alleging legal malpractice, fraud and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"A party's demand for an adjournment of a civil trial until the party can make a personal appearance is entrusted to the sound discretion of the trial judge." *Payne v. Jones*, 711 F.3d 85, 90-91 (2d Cir. 2013) (internal quotation marks omitted). "This Court will affirm orders denying continuances unless there is a showing both of arbitrariness and of prejudice to the defendant." *Id*. at 91 (internal quotation marks omitted). The district court in this case held the trial over multiple times, and the district court's decision not to permit further continuances was not an abuse of discretion. As we stated in *Payne*:

> Trial courts necessarily require a great deal of latitude in scheduling trials because trials are difficult to administer from a logistical and organizational standpoint. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time. . . . The Supreme Court has recognized that the existence of all these complexities counsels against continuances except for compelling reasons. Because continuances can be highly disruptive to the courts and the parties, especially when granted close to the start of trial, trial courts are entrusted with broad discretion to decide whether the stated purpose of a continuance warrants the disruption and delay of granting one. And when we review the denial of a continuance, we ask not what we ourselves might have done, but whether the district judge abused his discretion in deciding to act as he did.

711 F.3d at 92-93 (internal quotation marks and citation omitted).

Here, on the morning of trial, plaintiffs' counsel represented to the district court that it was unable to put on a case. Despite multiple continuances and multiple orders from the district court that plaintiff Koch complete her deposition or be precluded from testifying, Koch represented–without the submission of any sworn testimony- that she was unable to complete her deposition or to testify, in person or in any other way. The district court therefore properly precluded her testimony. Plaintiffs' offers with respect to various purported alternative methods of proving the case provided no basis for the district court to believe that plaintiff could provide admissible evidence sufficient to establish any of her causes of action. The district court thus properly rejected them, and when plaintiff conceded that, in light of the district court's evidentiary rulings, she was unable to put forward a prima facie case, the district court properly

entered judgment for the defendant on all remaining causes of action.  To the extent that plaintiff objects to the earlier dismissal of the corporate plaintiffs, that issue is moot, as plaintiff's inability to put on a case would have required judgment against those plaintiffs in any event.

We have considered the remainder of the arguments raised by Koch and the other appellants and find them to be without merit.  Accordingly, the judgment of the district court hereby is AFFIRMED.  Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk