Koch v. Pechota

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of January, two thousand sixteen.

PRESENT: GUIDO CALABRESI,
GERARD E. LYNCH,
RAYMOND J. LOHIER, Jr.,
*Circuit Judges.*

_____

VLADIMIRA KOCH, a/k/a VLADKA KOCH, EUROPA DOCU-SEARCH, INC., EUROVID FKK, HELOIS NATURA, and EUROVID, INC.,
*Plaintiffs-Appellants,*

MICHAL KOCH, her son,
*Plaintiff,*

v.                  No. 15-153-cv

VRATISLAV PECHOTA, individually, attorney, and LAW OFFICE OF VRATISLAV PECHOTA, Jr., Esq.,

*Defendants-Appellees.*

_____

FOR APPELLANTS: Jaromir Kovarik, KTHL Law Offices, P.C., Lebanon, Pennsylvania; Andrew Lavoott Bluestone, New York, New York.

FOR APPELLEES: William D. Buckley, Gregg D. Weinstock, Garbarini & Scher, P.C., New York, New York.

Appeal from the United States District Court for the Southern District of New York (Robert W. Sweet, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiffs-Appellants Vladimira Koch, Europa Docu-Search, Inc., Eurovid FKK, Helois Natura, and Eurovid, Inc. appeal from the district court's denial of their motion under Federal Rule of Civil Procedure 60(b)(2) and 60(b)(3) to vacate its November 21, 2013 order dismissing the complaint with prejudice.[1]  The plaintiffs challenge the district court's subject-matter jurisdiction to rule on the motion to vacate, and further challenge the merits of that ruling.  We assume the parties' familiarity with the underlying facts and procedural history of this case, as well as with the issues on appeal.

There is no merit to the plaintiffs' argument that the district court lacked power to deny the motion to vacate while the plaintiffs' appeal from the November 21, 2013 order was still pending.  While a "district court may *grant* a rule 60(b) motion after an appeal is taken only if the moving party obtains permission from the circuit court," it remains free to "entertain and *deny* the rule 60(b) motion" without such permission.  Toliver v. Cty. of Sullivan, 957 F.2d 47, 49 (2d Cir. 1992); see also Fed. R. Civ. P. 62.1(a) ("If a timely motion is made for relief that the court lacks authority to grant because of an appeal that

_____

[1] On January 7, 2015, we affirmed the November 21, 2013 order and the ensuing judgment in favor of the defendants.  See Koch v. Pechota, 588 F. App'x 72 (2d Cir. 2015).

has been docketed and is pending, the court may . . . (2) deny the motion . . . .").  We are aware of no authority for the proposition that this rule does not apply when one of the orders on appeal is the denial of a recusal motion.

We review the merits of a district court's decision on a Rule 60(b) motion for abuse of discretion.  In re Terrorist Attacks on Sept. 11, 2001, 741 F.3d 353, 357 (2d Cir. 2013).  A court abuses its discretion when its decision (1) "rests on an error of law or a clearly erroneous factual finding; or (2) cannot be found within the range of permissible decisions."  Id.

The district court did not abuse its discretion in denying the motion under Rule 60(b)(2), which permits a district court to relieve a party from a final judgment or order if the movant adduces "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."  To warrant relief under Rule 60(b)(2), the evidence must concern facts of which the movant was "justifiably ignorant . . . despite due diligence," and "must not be merely cumulative or impeaching."  United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 392 (2d Cir. 2001).  The plaintiffs submitted a new report by Dr. Wybitulová as evidence that the questioning of Koch at her deposition triggered a deterioration of her condition.  However, the plaintiffs repeatedly brought that allegation to the district court's attention before the November 21, 2013 order was entered, including in an earlier report by Dr. Wybitulová.  The new report thus does not meet the requirements for "newly discovered evidence" under Rule 60(b)(2).

3

Nor did the district court abuse its discretion in denying the motion under Rule 60(b)(3), which permits vacatur on the basis of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." A movant seeking Rule 60(b)(3) relief must produce "clear and convincing evidence" of the alleged fraud or misconduct. Fleming v. N.Y. Univ., 865 F.2d 478, 484 (2d Cir. 1989). Dr. Wybitulová's new report does not meet that standard, because Dr. Wybitulová simply states that she "cannot rule out the possibility that Ms. Koch's health was damaged intentionally." J.A. 443. In any event, a mental health professional who examined Koch would have no basis to opine on the intentions of third parties. Given that relevant extracts of the transcript of Koch's deposition were already before the district court, we fail to see how Dr. Wybitulová's medical report could shed any additional light on whether the defendants' counsel's questioning of Koch at that deposition constituted misconduct under Rule 60(b)(3).

We have considered the plaintiffs' remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court. The plaintiffs' motions for sanctions are DENIED, and their motion for judicial notice is DENIED as moot.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4